SUNNYVIEW VILLAGE, INC., and Donald and Myra Guisleman, Petitioners-Appellants,†

v.

STATE DEPARTMENT OF ADMINISTRATION, Kenneth E. Lindner, State Department of Health & Social Services, and Donald E. Percy, Respondents.

Court of Appeals

*No. 80–433. Submitted on briefs October 24, 1980.—*
*Decided December 9, 1980.*
(Also reported in 300 N.W.2d 878.)

For the petitioners-appellants there was a brief by *Stephen E. Gavin* and *Kathryn Merriman Collins* of *Gavin, Miller & Collins* of Madison.

For the respondents there was a brief by *Bronson C. La Follette,* attorney general, and *F. Thomas Creeron III,* assistant attorney general.

---

† Petition to review granted. BEILFUSS, C.J., took no part.

Before Voss, P.J., Brown and Scott, J.J.

VOSS, P.J.   Sunnyview Village appeals from a judgment dismissing its petition for circuit court review of a decision made by the Division of Nursing Home Forfeiture Appeals.   The circuit court dismissed Sunnyview's petition upon the finding that Sunnyview failed to serve and name the proper agency within the thirty day limit as required by sec. 227.16(1), Stats.  Because we find that Sunnyview failed to comply with the applicable service requirements, we affirm.

On April 9, 1979, the Department of Health and Social Services served a notice of a violation upon Sunnyview Village, Inc., the operators of a nursing home.  The Department found that Sunnyview was in violation of Wis. Adm. Code § H 32.08(1), which requires that a director of nursing be on duty.  The Department's determination was appealed to the Division of Nursing Home Forfeiture Appeals (DNHFA) on July 19, 1979, and a hearing was held before a Division examiner.  On August 23, 1979, a decision was rendered finding that Sunnyview had violated the administrative regulation, and a forfeiture was assessed accordingly.

On September 6, 1979, Sunnyview commenced an action in Green Lake County Circuit Court seeking judicial review of the DNHFA decision.  Named as respondents were the Department of Administration, whose DNHFA subunit allegedly exceeded its powers, along with the departmental secretary, and the Department of Health and Social Services, which rendered the initial decision which the DNHFA was to review, and its departmental secretary.  Both departments were properly served with copies of the petition.

The Department of Administration responded by way of a motion to dismiss, alleging that Sunnyview failed to properly invoke the jurisdiction of the trial court by fail-

ing to serve or name the proper party as respondent. In support of its motion, the Department of Administration argued that the DNHFA had the status of an "independent agency," and by virtue of its status, the DNHFA was the property party to be named as respondent in a petition for review filed pursuant to sec. 227.16 (1), Stats. Finding that Sunnyview failed to give proper notice, the trial court issued a memorandum decision granting the motion to dismiss, permitting the administrative determination to stand.

Under the Wisconsin Administrative Procedure Act (ch. 227, Stats.), petitioners seeking review of administrative actions must name and serve the agency whose adverse decision is being challenged. Section 227.16 (1) (a), Stats., states: "Proceedings for review shall be instituted by serving a petition therefor personally or by registered [changed to "certified" as of May 8, 1980, ch. 208, Laws of 1979] mail upon the agency or one of its officials, . . . ." Section 227.16 (1) (b), Stats., further declares that: "[t]he petition shall be entitled in the name of the person serving it as petitioner and the name of the agency whose decision is sought to be reviewed as respondent, . . . ." In the definitional section of ch. 227, the term "agency" is defined as "any board, commission, committee, department or officer in the state government, except the governor or any military or judicial officer of this state." Sec. 227.01 (1), Stats.

The Wisconsin Supreme Court has consistently demanded strict compliance with the requirements of sec. 227.16, Stats., for judicial review to be properly undertaken. *Cudahy v. Department of Revenue*, 66 Wis.2d 253, 259, 224 N.W.2d 570, 573 (1974); *Brachtl v. Department of Revenue*, 48 Wis.2d 184, 187, 179 N.W.2d 921, 922 (1970).

The State contends that the trial court lacked jurisdiction to review the matter because Sunnyview failed to

serve process on the DNHFA and/or its administrator. We agree. Section 50.04(5)(e), Stats., vests the decision making powers with respect to nursing home forfeitures in the DNHFA. In that subsection, the legislature has declared that the decision of the administrator of the DNHFA shall be the final administrative decision. Under sec. 227.16(1), Stats., a person aggrieved by an administrative decision must serve and name the decision making agency rendering the adverse decision.

Sunnyview misinterprets ch. 227 when it argues that the DNHFA, acting through its administrator, is not an "agency" rendering an adverse decision. Under sec. 227.01(1), any "officer in the state government" falls within the definitional framework of "agency" for purposes of the Wisconsin Administrative Procedure Act. The administrator of the DNHFA is appointed by the governor to serve a four year term. Sec. 15.103(1), Stats. By virtue of his statutory gubernatorially appointed position, the administrator is an "agency" for purposes of ch. 227 since he is "an officer in state government." Because Sunnyview did not serve or name the administrator within the thirty day time limit, personal jurisdiction never attached.

Sunnyview further argues that even if this court finds that it did not comply with ch. 227, we should find that it substantially complied with its service requirements in that it served the attorney general with a copy of its petition to review and mailed a copy of its petition to review to the administrator of the DNHFA. By virtue of this substantial compliance, Sunnyview argues that it properly invoked the jurisdiction of the trial court. We disagree.

Although a copy of the petition to review was sent by regular mail to the administrator of the DNHFA, service by regular mail where a statute demands service by certified mail has been held inadequate to invoke per-

sonal jurisdiction. In the case of *519 Corp. v. Department of Transportation*, 92 Wis.2d 276, 284 N.W.2d 643 (1979), the supreme court had occasion to construe provisions of sec. 32.05(10)(a), Stats., a section which requires a notice of appeal from a condemnation commissioner's decision, to be served personally or by certified mail. The service requirements set forth in sec. 32.05 (10)(a), Stats., are essentially identical to the service requirements in sec. 227.16(1), Stats. In *519 Corp.*, the supreme court held that service by regular mail was wholly inadequate when personal service or service by certified mail was required. Although the supreme court reached such a harsh determination with some reluctance, the court felt "constrained to dismiss the appeal because a key purpose of procedural provisions such as sec. 32.05 (10)(a) is to maintain a simple, orderly, and uniform way of conducting legal business in our courts." *Id.* at 288, 284 N.W.2d at 649. The court further noted that "[u]niformity, consistency, and compliance with procedural rules are important aspects of the administration of justice. If the statutory prescriptions to obtain jurisdiction are to be meaningful they must be unbending." *Id.*

Mere service of the petition upon the attorney general also failed to properly invoke the jurisdiction of the circuit court. Service upon the attorney general did not constitute service on the administrator. If such an inference were permissible, the service requirements of sec. 227.16(1), Stats., would effectively be obliterated. Because the attorney general represents many of the state agencies in their legal concerns, practically speaking, an aggrieved party would only have to serve the attorney general to gain jurisdiction over any one of the number of agencies. Because such a result would render the notice requirements of ch. 227 meaningless, we will not reach it.

Although this court feels compelled to affirm the trial court's dismissal of Sunnyview's petition, we recognize

and are sympathetic to the dilemma Sunnyview was placed in by the statutory language of ch. 227. This court wholeheartedly agrees and adopts the language contained in Judge Willis' decision wherein he stated:

[P]ersons outside the government have great difficulty finding their way through the governmental maze to locate the proper agency, division or bureau.

This Court believes that it would be proper and fair *public policy to* require every state agency issuing an order or decision to include in that order or finding a summary of the time to appeal and an identification of the proper party to the *appeal.*

This Court believes that a citizen has been denied a right to appeal by a maze of governmental regulations that this Court is powerless to change. This Court believes that access to judicial review of administrative policies should be made as easy as possible for the people involved, and that the governmental agencies involved should aid and assist in giving the average citizen the necessary information so a timely review is easily available. [Emphasis added.]

*By the Court.*—Judgment affirmed.