SUNNYVIEW VILLAGE, INC., and Donald and Myra
Guisleman, Appellants-Petitioners,

v.

DEPARTMENT OF ADMINISTRATION, Kenneth E. Lindner,
Department of Health & Social Services, and Don-
ald E. Percy, Respondents.

Supreme Court

*No. 80–433.  Argued September 8, 1981.—Decided November 3, 1981.*

(Also reported in 311 N.W.2d 632.)

For the petitioners there were briefs by *Stephen E. Gavin, Kathryn Merriman Collins* and *Gavin, Miller & Collins,* and oral argument by *Frederick H. Miller,* all of Madison.

For the respondents the cause was argued by *F. Thomas Creeron, III,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

SHIRLEY S. ABRAHAMSON, J. This is a review of a decision of the court of appeals affirming the judgment of the circuit court for Green Lake county, David C. Willis, circuit judge.[1] The circuit court held that the petitioners had failed to name and serve the Division of Nursing Home Forfeiture Appeals (DNHFA) or its administrator as respondent as required by ch. 227, Stats. 1979–80, and dismissed the proceedings for judicial review. We reverse the decision of the court of appeals and hold that the petitioners have complied with the applicable statutory service requirements.

The facts are set forth in full in the decision of the court of appeals and will be briefly summarized here.

The Bureau of Quality Compliance of the Department of Health and Social Services determined that Sunny-

[1] *Sunnyview Village, Inc. v. State Dept. of Administration,* 100 Wis. 2d 34, 300 N.W.2d 878 (Ct. App. 1980).

view Village, Inc., a corporation which owns and operates a nursing home, was in violation of a provision of the Wisconsin Administrative Code. Sunnyview appealed this determination to the Division of Nursing Home Forfeiture Appeals (DNHFA) of the Department of Administration. On August 23, 1979, by order signed by the administrator of the DNHFA, the DNHFA concluded that Sunnyview was in violation of the Code and assessed a forfeiture. On September 6, 1979, pursuant to sec. 227.15, Stats. 1979–80,[2] Sunnyview and its two majority shareholders (sometimes referred to as the petitioners) filed a petition in the circuit court for Green Lake county seeking judicial review of the DNHFA decision. In its petition for review Sunnyview named and served the Department of Administration and its secretary Kenneth E. Lindner, and the Department of Health and Social Services and its secretary Donald E. Percy as respondents. The respondents moved for dismissal of the petition on the ground that Sunnyview failed to name and serve the DNHFA as respondent as required by the applicable provisions of chapter 227.

Under chapter 227, Stats. 1979–80, a person seeking judicial review of an administrative decision must institute proceedings for review by serving a petition for review "upon the agency or one of its officials" and the petition must be entitled in the name of the person serving it as petitioner and in "the name of the agency

---

[2] "227.15 **Judicial review; orders reviewable.** Administrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, except the decisions of the department of revenue, the commissioner of banking, the commissioner of credit unions, the commissioner of savings and loan, and the state board of vocational, technical and adult education acting under s. 38.29, and as otherwise provided by law, shall be subject to judicial review as provided in this chapter."

whose decision is sought to be reviewed as respondent." Section 227.16(1)(a) and (b), Stats. 1979–80, sets forth these requirements as follows:

"(a) Proceedings for review shall be instituted by serving a petition therefor personally or by certified mail upon *the agency or one of its officials* . . . .

"(b) . . . The petition shall be entitled in the name of the person serving it as petitioner and the name of *the agency whose decision is sought to be reviewed* as respondent . . . ." (Emphasis added).[3]

The word "agency" which is used in paragraphs (a) and (b) of sec. 227.16(1), Stats. 1979–80, quoted above, is defined in sec. 227.01, Stats. 1979–80, as follows:

"227.01 **Definitions.** In this chapter:

"(1) 'Agency' means any board, commission, committee, department or officer in the state government, except the governor or any military or judicial officer of this state."

Both Sunnyview and the respondents recognize that failure to serve the agency within the time period set forth in sec. 227.16 deprives the circuit court of jurisdiction. *See Ryan v. Department of Revenue,* 68 Wis. 2d 467, 472, 228 N.W.2d 357, 359 (1975); *Cudahy v. Department of Revenue,* 66 Wis. 2d 253, 259, 224 N.W.2d 570 (1974); *Brachtl v. Department of Revenue,* 48 Wis. 2d 184, 187, 179 N.W.2d 921 (1970); *Monahan v. Department of Taxation,* 22 Wis. 2d 164, 167, 125 N.W.2d 331 (1963).

Compliance with sec. 227.16, Stats., has, in the past, proved troublesome because sec. 227.16 is not easy to understand. This court has characterized an earlier version

---

[3] Sec. 227.16(1)(a), Stats. 1977, which applied at the commencement of this action, provided for registered mail instead of certified mail.

of sec. 227.16(1) as "complex and if read in a cursory fashion . . . confusing." *Brachtl v. Department of Revenue,* 48 Wis. 2d 184, 186, 179 N.W.2d 921 (1970). Despite revision, sec. 227.16 remains complex and becomes confusing not only when read in a cursory fashion but also when read in conjunction with sec. 227.01(1) which defines agency. The definition of agency in sec. 227.01(1) applies to every use of the word agency in ch. 227, and the word agency appears in many provisions. Because the definition of agency determines which administrative tribunals are included within the operation of chapter 227 the word agency may be viewed as encompassing "all administrative tribunals of a state-wide character." Hoyt, *The Wisconsin Administrative Procedure Act,* 1944 Wis. L. Rev. 214, 216–217. *See also* Committee Note to sec. 227.01, 26 West Wis. Stats. Ann., p. 455; 1 Cooper, *State Administrative Law* 98–99 (1965). *Cf.* 1 Davis, *Administrative Law Treatise* sec. 1.2 (2d ed. 1978) (federal statute). This all-encompassing definition which may be suitable for determining whether an administrative tribunal falls within chapter 227 may or may not be suitable for determining which governmental entity must be named and served as respondent in proceedings for review. Moreover, even though the definition of "agency" set forth in sec. 227.01(1), Stats. 1979–80, may have been intended to refer to all "administrative tribunals of a state-wide character" (except those specifically excepted) the language of sec. 227.01 does not expressly list "all administrative tribunals of a state-wide character." Section 227.01(1) predates the 1967 enactment of chapter 15 of the statutes entitled Structure of the Executive Branch, which established a new, uniform nomenclature for the governmental entities com-

prising the executive branch of state government.[4] Sec. 227.01(1) has not been amended to conform to the terminology of chapter 15, and thus sec. 227.01(1) does not expressly list all presently existing "administrative tribunals of a state-wide character."

In light of these complexities, it is not surprising that the parties are in disagreement as to which governmental entity must be named and served as the respondent in the proceedings for judicial review. Sunnyview maintains that the Department of Administration is the agency to be named and served as respondent under ch. 227, and the respondents maintain that "the Division of Nursing Home Forfeiture Appeals and/or its administrator" is the agency which must be named and served as the

---

[4] Chapter 15, Stats. sets forth the structure of the Executive Branch of Government. Sec. 15.02, Stats. 1979–80, provides as follows:

"15.02 **Offices, departments and independent agencies.** The constitutional offices, administrative departments and independent agencies which comprise the executive branch of Wisconsin state government are structured as follows:

"(1) SEPARATE CONSTITUTIONAL OFFICES. The governor, lieutenant governor, secretary of state and state treasurer each head a staff to be termed the 'office' of the respective constitutional officer.

"(2) PRINCIPAL ADMINISTRATIVE UNITS. The principal administrative unit of the executive branch is a 'department' or an 'independent agency.' Each such unit shall bear a title beginning with the words 'State of Wisconsin' and continuing with 'department of . . .' or with the name of the independent agency. A department may be headed by a constitutional officer, a secretary, a 3-man commission or a part-time policy-making board.

"(3) INTERNAL STRUCTURE. (a) The secretary of each department may, subject to sub. (4), establish the internal structure within the office of secretary so as to best suit the purposes of his or her department. . . .

"(b) For field operations, departments may establish district or area offices which may cut across divisional lines of responsibility.

"(c) For their internal structure, all departments shall adhere to the following standard terms, and independent agencies are

respondent.[5] The sole issue before us is whether Sunny-view's naming and serving the Department of Administration as respondent complies with the service requirements of secs. 227.01 and 227.16, Stats. 1979–80. We need not consider whether service on the DNHFA alone would have been sufficient. We need consider only whether service on the Department of Administration alone is sufficient to meet the statutory requirements.

The issue before this court, and previously before the court of appeals and the circuit court, involves the interpretation of sec. 227.16(1) and sec. 227.01. Statutory interpretation is generally characterized as a question of law. The effect of such a characterization is that on review this court need not defer to the determination of the circuit court or of the court of appeals; the trial court and the court of appeals are in no better position to interpret the statute than is this court.

Secs. 227.01(1), 227.16(1)(a), and sec. 227.16(1)(b), when read together, require, although the statutes do not explicitly so state, that a petitioner name and serve as respondent that governmental entity which has made the

---

encouraged to review their internal structure and to adhere as much as possible to the following standard terms:

"1. The principal subunit of the department is the 'division'. Each division shall be headed by an 'administrator'.

"2. The principal subunit of the division is the 'bureau'. Each bureau shall be headed by a 'director'.

"3. If further subdivision is necessary, bureaus may be divided into subunits which shall be known as 'sections' and which shall be headed by 'chiefs' and sections may be divided into subunits which shall be known as 'units' and which shall be headed by 'supervisors'."

*See* Robbins, *Patterns of Development in Wisconsin's Executive Branch,* 49 Wis. Bar Bull. 25 (April 1971).

[5] A copy of the petition to review was sent by regular mail to the administrator of the DNHFA. Sunnyview does not argue in this court, as it argued before the court of appeals, that this mailing is adequate to constitute service under sec. 227.16, Stats. 1977.

decision of which review is sought, *see* sec. 227.16(1)(b), and which is an agency as that word is defined in sec. 227.01(1), *see* sec. 227.16(1)(a), (b). *Cf. Brachtl v. Department of Revenue,* 48 Wis. 2d 184, 187, 179 N.W.2d 921 (1970) (relating to Tax Appeals Commission and Department of Revenue). Under this reading of the statutes (which the parties and the court of appeals implicitly adopted), in order to determine whether the Department of Administration is the proper respondent, we must address first the question whether the Department of Administration is the governmental entity whose decision is sought to be reviewed in the case at bar and then the question whether the Department of Administration is an agency as that word is defined in sec. 227.01(1).

When we look at which governmental entity has decision-making powers with regard to nursing home forfeitures, we find that sec. 50.04(5)(e), Stats. 1979–80, vests decision-making powers with respect to nursing home forfeitures in the Division of Nursing Home Forfeiture Appeals (DNHFA) and its administrator. Sec. 50.04(5)(e), Stats. provides as follows:

"(e) *Forfeiture appeal hearing.* A nursing home may contest an assessment of forfeiture, by sending a written request for hearing under s. 227.07 to the division of nursing home forfeiture appeals created under s. 15.-101(9). The administrator may designate a hearing examiner to preside over the case and recommend a decision to the administrator under s. 227.09. *The decision of the administrator shall be the final administrative decision. The division shall* commence the hearing within 30 days of receipt of the request for hearing and shall *issue a final decision* within 15 days after the close of the hearing." (Emphasis added.)

The DNHFA is created in sec. 15.103, Stats. 1979–80, as a division "which is attached to the Department of

Administration under sec. 15.03."[6] As a division of the Department of Administration, the DNHFA is a subunit of the Department. Sec. 15.01(2), Stats. 1979–80. Nevertheless the Department of Administration has limited power, authority or control over the DNHFA. The legislature has prescribed that a division "which is attached to a department under sec. 15.03" remains to a substantial degree independent of that department. Sec. 15.03, Stats. 1979–80, provides as follows:

"15.03 **Attachment for limited purposes.** Any division, commission or board attached under this section to a department or independent agency or a specified division thereof shall be a distinct unit of that department, independent agency or specified division. Any division, commission or board so attached shall exercise its powers, duties and functions prescribed by law, including rule-making, licensing and regulation, and operational planning within the area of program responsibility of the division, commission or board, independently of the head of the department or independent agency, but budgeting, program co-ordination and related management functions shall be performed under the direction and supervision of the head of the department or independent agency."

Thus, under secs. 50.04(5)(e), 15.103 and 15.03, while the DNHFA is, for purposes of the organization of the executive branch, a subunit within the Department of Administration, the DNHFA has substantial decision-making autonomy. The Department of Administration appears to have limited, if any, power, authority, or control over the DNHFA's decision-making function as to forfeitures. *See* sec. 15.04(1)(a), (b), Stats. 1979–80.

---

[6] Sec. 15.103(1), Stats. 1979–80, provides as follows:

"(1) DIVISION OF NURSING HOME FORFEITURE APPEALS. There is created a division of nursing home forfeiture appeals which is attached to the department of administration under s. 15.03. The administrator of the division shall be appointed by the governor to serve for a term of 4 years. The administrator shall be a public official for purposes of subch. III of ch. 19."

If we were to look only at the substantive powers of the DNHFA and the Department of Administration, we might conclude, as do the respondents and the court of appeals, that the DNHFA (or its administrator), not the Department of Administration, is the final decision-maker as to forfeitures.[7] Accordingly it is arguable that the DNHFA (or its administrator) is the governmental entity whose decision is sought to be reviewed in this case. On the other hand, if we were to look only at the organization of the executive branch, ch. 15, Stats. 1979–80, we might conclude, as does Sunnyview, that the Department of Administration is the final decision-maker as to forfeitures. We would reason that the Department of Administration is the principal administrative unit of the executive branch of which the DNHFA is a sub-unit; that despite DNHFA's decision-making autonomy, the DNHFA is subservient to the department in the hierarchical structure of the executive branch; and that a final decision of a division is therefore deemed a final decision of the department. Accordingly it is arguable

---

[7] The respondents also argue by analogy that the Department of Administration is not the decision-maker. Respondents reason that the Tax Appeals Commission has the same relation to the Department of Administration as does the DNHFA; that the Tax Appeals Commission, not the Department of Administration, is the agency served as respondent in proceedings to review the decisions of the Tax Appeals Commission; and that therefore the DNHFA, not the Department of Administration, is the agency to be named and served as respondent in nursing home forfeiture cases.

Respondents' reasoning is not persuasive. The legislature has enacted special provisions relating to the Tax Appeals Commission which make it clear that the legislature intended that the commission be served. *See* sec. 227.16(1)(b), (d), Stats. 1979–80. Also, the cases involving review of decisions of the Tax Appeals Commission are concerned with whether the Tax Appeals Commission and the Department of Revenue must be served; the cases do not deal with whether the Department of Administration is the proper party. *See* cases cited at p. 399, *supra*.

that the Department of Administration is the governmental entity whose decision is sought to be reviewed in this case. The determination of whether the Department of Administration is the governmental entity whose decision is sought to be reviewed depends on which statutes govern the question—those prescribing the governmental entities' substantive decision-making authority or those prescribing the organization of the executive branch. The former statutes point to the DNHFA or its administrator as the governmental entity whose decision is sought to be reviewed; the latter point to the Department of Administration.[8]

Concluding that the Department of Administration is the governmental entity whose decision is sought to be reviewed comports with what we view as the legislative intent implicit in statutes setting forth requirements for service, namely that service statutes be interpreted in such a manner that the identification of the party to be served is readily apparent and that notice to the entity affected is afforded. It is easy for a petitioner to determine the superior entity in the organization hierarchy and to give it notice; the superior entity is in a position to provide notice to any subordinate entity which has been involved in the decision-making process.

[8] Sunnyview recognized the need to balance these two approaches. Sunnyview's petition for judicial review named the State Department of Administration as respondent and alleged that the department is an "'agency' within the meaning of s. 227.01(1)" and that "the agency [the Department of Administration] has, under its jurisdiction, the Division of Nursing Home Forfeiture Appeals from whose decision . . . this judicial review is sought." Sunnyview recognized the difficulty of selecting the respondent and apparently attempted to advise, in one way or other, the several governmental entities which were involved in the decision-making process. Thus Sunnyview named and served the State Department of Health and Social Services and mailed a copy of the petition to the administrator of the DNHFA.

We therefore conclude that it is reasonable to interpret sec. 227.16(1)(a), (b) to mean that the Department of Administration is a governmental entity whose decision is sought to be reviewed. We need not, and do not, decide whether the DNHFA or its administrator may also be viewed as a governmental entity whose decision is sought to be reviewed under sec. 227.16(1)(b).

We turn now to consideration of the second statutory test, namely whether the Department of Administration is an agency as that word is defined in sec. 227.01(1). Both parties agree that sec. 227.01(1), Stats. 1979–80, requires that Sunnyview name and serve an agency as respondent, not that it name and serve a governmental unit.

Sec. 227.01(1) has defined an agency to *mean* the following five governmental entities: a board, commission, committee, department, or officer. The legislature did not state that an agency *includes* these five entities or that an agency means each board, commission, committee, department, officer *or other administrative office of tribunal in the state government.*

The legislature has not defined board, commission, committee, department, or officer in chapter 227; the first four terms are defined in chapter 15, but it is not clear whether these definitions should be read into chapter 227. Nowhere in sec. 15.03, Stats. 1979–80, has the legislature indicated that a division attached to a department for limited purposes shall be deemed a board, commission, committee, department, or officer for purposes of secs. 227.01(1) and 227.16. Nowhere in the definition of "agency" in sec. 227.01(1), Stats., has the legislature indicated that a "division" which is attached to a department for limited purposes is to be considered

as a board, commission, committee, department, or officer for purposes of secs. 227.01(1) and 227.16.

Relying on the literal words of sec. 227.01, Sunnyview maintains that the definition of "agency" set forth in sec. 227.01(1), Stats. 1979–80, is an exclusive listing by title of entities that qualify as an agency; that department is specifically included in the definition of agency; and that a division, bureau, section, unit, council, and independent agency, see secs. 15.01(1), (2), (6) and subch. III, ch. 15, Stats. 1979–80, are not specifically included in the definition of agency. Sunnyview argues that because the Department of Administration is a department, it is an agency. Sunnyview then makes alternative arguments: First, Sunnyview contends that the DNHFA, not being a board, commission, committee, department or officer, is not an agency within secs. 227.01 and 227.16. Alternatively, Sunnyview concedes that the administrator of the DNHFA may be an officer and thus an agency but argues that service on the Department of Administration is sufficient because sec. 227.01(1) permits a petitioner to select whether to serve a department or an officer if both qualify under sec. 227.16. On the basis of these arguments Sunnyview urges us to conclude that because the Department of Administration fits both statutory tests, namely that it is a decision-maker and it falls within the sec. 227.01 definition of an agency, the service requirements of sec. 227.16 have been satisfied.

The respondents concede, and we hold, that the Department of Administration is an agency within sec. 227.01(1) for purposes of the service requirements of sec. 227.16 by virtue of the legislature having listed a department as an agency.

Respondents' position is that the DNHFA or the administrator of the DNHFA, not the Department of Administration, is the necessary respondent, because the

DNHFA or the administrator best fulfills the statutory prerequisites: the DNHFA or the administrator is the substantive decision-maker and is "an officer in the state government" within the sec. 227.01(1) definition of agency. We have previously set forth the respondents' argument as to the DNHFA or its administrator being the decision-maker. The respondents contend that the term officer as used in sec. 227.01 for purposes of sec. 227.16, includes, at a minimum, any official or group of officials who are statutorily responsible for the issuance of the challenged decision.[9]

The respondents maintain that the legislative history of sec. 227.01(1) supports their suggested interpretation of the word officer. They point out that as originally enacted in 1943, sec. 227.01(1), Stats., defined agency as follows:

" 'Agency' includes the public service commission, the industrial commission (except in matters arising out of the workmen's compensation act or the unemployment compensation act), the insurance commissioner, the department of securities, the board of tax appeals (except in assessments made under chapter 76), the state board of health, the motor vehicle department, the banking commission, the banking review board, the personnel board, and all other boards, commissions, departments and officers having statewide jurisdiction and authorized by statute to exercise rule-making powers or to adjudicate contested cases; but said term does not include the governor, or any military or judicial officer of the state."

The respondents further note that sec. 227.01(1), Stats., was amended to its present form in 1955 and that the Committee Note to Sec. 227.01, reprinted in 26

---

[9] Sunnyview, on the other hand, argues that an officer in the state government is limited to a constitutional officer who has no administrative department to which he or she is attached or under which he or she operates.

West Wis. Stats. Anno., p. 455, describes the purpose of the amendment as follows:

"The definition of agency has been changed from the former definition in the following respects: (a) The enumeration of certain specific agencies has been eliminated. Such enumeration is unnecessary and might cast doubt on the inclusion of agencies which are included within the general terms of the definition but which are in a different class than those which are enumerated."

This legislative history does not persuade us to adopt respondents' interpretation of the word officer in sec. 227.01(1) for purposes of sec. 227.16 as incorporating the 1943 language defining officer as an official having state-wide jurisdiction and authorized by statute to issue the challenged order. The Committee Note quoted by the respondents also states as follows:

"The phrase 'having state-wide jurisdiction and authorized by statute to exercise rule-making powers or to adjudicate contested cases' has been deleted. The purpose is to make all governmental agencies at the state level of government subject to the administrative procedure act except as such agencies have been excluded by express provision."

The legislative history just as easily supports the conclusion that the legislature intended that officer not be defined by reference to the substantive decision-making powers of the officer.

The court of appeals held that the administrator of the DNHFA is an officer under sec. 227.01(1), but it did not adopt respondents' limited definition of officer. The court of appeals said that "under sec. 227.01(1), any 'officer in the state government' falls within the definitional framework of 'agency' for purposes of the Wisconsin Administrative Procedure Act" and that by virtue of being appointed by the governor, the adminis-

trator became "an officer in the state government" and an agency for purposes of sec. 227.16. *Sunnyview v. Department of Administration, supra,* 100 Wis. 2d at 37.

Neither "officer" nor "officer in the state government" is defined in chapter 227. These words may be subject to different meanings in different contexts. We find it unnecessary to embark on a legal analysis of the meaning of these words or to decide whether the administrator of the DNHFA is an officer within sec. 227.01 (1), Stats. 1979–80.[10] We conclude that these questions are not before us and that we need not decide them.

The only question before us is whether Sunnyview's naming and serving the Department of Administration as respondent satisfies chapter 227; we need not determine whether naming and serving the DNHFA or its administrator as respondent would satisfy chapter 227. The respondents' argument and the decision of the court of appeals are premised on the unstated assumption that in each case only one governmental entity can fulfill the statutory requisites of being the "agency whose decision is sought to be reviewed." Sec. 227.16(1)(a), (b). While the argument that there should be only one such governmental entity has the advantage of simplicity and ease, the statute does not expressly require such a result and the statute may or may not lend itself to such

[10] Although the legislature expressly identified the administrator of the DNHFA as a "public official" for purposes of subchapter III, chapter 19 of the Statutes relating to the Code of Ethics for Public Officials, the legislature did not expressly classify the administrator as an "officer in the state government" for purposes of sec. 227.01(1), Stats. 1979–80.

The relationship between the words "officer" and "official of the agency" is not clear. Section 227.16(1)(a) provides that service may be on "the agency or one of its officials;" the phrase "official of the agency" is defined in sec. 227.01(5), Stats. 1979–80, to mean "a secretary, commissioner or member of any board of any agency."

a result in all cases. We note that parties apparently have trouble selecting the one entity to name and serve. In several cases which have come to this court the petitioner named several governmental entities as respondent to avoid the defense that the petitioner failed to serve the "right" entity.

All that this court decides in the case at bar is as follows: Upon considering the powers of the DNHFA and the Department of Administration and the organization of the executive branch (sec. 50.04(5)(e) and ch. 15, Stats. 1979–80), the use of the terms "agency" and "agency whose decision is sought to be reviewed" in sec. 227.16(1)(a), (b), and the definition of agency in sec. 227.01(1), the court concludes that it is a reasonable interpretation of the statutes to hold that the Department of Administration is a governmental entity whose decision is sought to be reviewed and is an agency as that term is used in secs. 227.01 and 227.16. Accordingly we hold that service of the petition on the Department of Administration as respondent satisfies sec. 227.16 and entitles Sunnyview to its day in court.

Finally we wish to comment on a concern expressed by both the circuit court and the court of appeals. We acknowledge, as did those courts, that it is important that citizens not be defeated in their redress of grievances by the maze of governmental entities. A person aggrieved by an administrative decision should not have to guess which governmental entity to name and serve as the respondent in proceedings for judicial review. We recommend that governmental entities adopt the practice of providing with their administrative decisions information on how to process proceedings for review, including which governmental entity is to be named and served as respondent. *Cf. Wisconsin's Environmental*

*Decade v. Public Service Comm.*, 84 Wis. 2d 504, 534, 267 N.W.2d 609 (1978) (relating to the PSC identifying parties). The circuit court wisely commented as follows:

". . . The problem is that persons outside the government have great difficulty finding their way through the governmental maze to locate the proper agency, division or bureau.

"This Court believes that it would be a proper and fair public policy to require every state agency issuing an order or decision to include in that order or finding a summary of the time to appeal and an identification of the proper party to the appeal.

". . . This Court believes that access to judicial review of administrative policies should be made as easy as possible for the people involved, and that the governmental agencies involved should aid and assist in giving the average citizen the necessary information so a timely review is easily available."

For the reasons set forth, we reverse the decision of the court of appeals and remand the matter to the circuit court.

*By the Court.*—The decision of the court of appeals is reversed; the judgment of the circuit court is reversed; and the cause is remanded to the circuit court for proceedings not inconsistent with this opinion.