John W. MCDONOUGH, D.O., Plaintiff-Appellant-Petitioner,

v.

STATE OF WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT, Labor & Industry Review Commission, Wausau Business Insurance, and City of Wisconsin Rapids, Defendants-Respondents.

Supreme Court

*No. 97–3711–FT. Oral argument May 5, 1999.—Decided June 30, 1999.*

(Also reported in 595 N.W.2d 686.)

272

For the plaintiff-appellant-petitioner there were briefs by *Mark S. Zimmer* and *Hill, Glowacki, Jaeger, Reiley, Zimmer & Hughes*, Madison and oral argument by *Mark S. Zimmer*.

For the defendant-respondent, Department of Workforce Development, the cause was argued by *Lowell E. Nass*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. WILLIAM A. BABLITCH, J. John W. McDonough, D.O. (McDonough) requests review of a court of appeals' decision which held that an appeal of a necessity of treatment order must be served on the Department of Workforce Development (Department) and that service on the Labor and Industry Review Commission (Commission) was insufficient. The issue presented is whether McDonough, appealing a necessity of treatment order of the Department, can achieve service by serving the Commission rather than the Department with enough copies of the summons and complaint as there are defendants. We hold that, given the ambiguity presented by the interaction between the two statutes at issue, service for appeals from Department necessity of treatment orders can be achieved by timely serving either the Department or the Commission with enough copies of the summons and complaint as there are defendants. Because McDonough served enough copies of the summons and complaint with the Commission as there are defendants, we conclude that he achieved service. Accordingly, we reverse the decision of the court of appeals and remand the cause to the circuit court for proceedings on the merits.

¶ 2. McDonough provided medical services for a City of Wisconsin Rapids' (Wisconsin Rapids) employee who injured his shoulder while at work on November 17, 1995. Because the employee was injured while at work, his injuries were compensable under workers compensation, Wis. Stat. ch. 102. From January 3, 1996 through June 21, 1996, McDonough provided medical treatment to the Wisconsin Rapids employee. McDonough submitted a claim to Wisconsin Rapids' workers compensation insurance carrier, Wausau Business Insurance Company (Wausau Insurance).

Wausau Insurance refused to pay a portion of the claim, asserting that the treatment provided by McDonough after February 28, 1996, was not medically necessary.

¶ 3. In September 1996, McDonough filed a necessity of treatment dispute request with the Department[1] pursuant to Wis. Stat. § 102.16(2m) (1993–94).[2] On March 31, 1997, the Department determined that the services provided by McDonough were not medically necessary. The order stated that it would become final within 30 days unless appealed to the circuit court pursuant to Wis. Stat. § 102.23(1)(a).

¶ 4. McDonough filed a summons and complaint with the Wood County Circuit Court on April 28, 1997, within the 30 days allowed to seek judicial review. One copy of the authenticated summons and complaint was personally served on a Program Assistant in the Office of the Secretary of the Department on April 29, 1997; four copies were personally served on the Chairperson of the Commission on April 29, 1997; one copy was served by sheriff's service on the City Clerk of Wisconsin Rapids on April 30, 1997; and one copy was served by sheriff's service on a employee of the Legal Support Office at Wausau Insurance on May 5, 1997.

¶ 5. The Department, Wisconsin Rapids, and Wausau Insurance moved to dismiss McDonough's claim for lack of subject matter jurisdiction, or competency to proceed, arguing that Wausau Insurance was not served with an authenticated summons and com-

---

[1] The Department of Workforce Development was previously known as the Department of Industry, Labor and Human Relations. 1995 Wis. Act 289, § 275; 1997 Wis. Act 3, §§ 151, 230.

[2] All references to the Wisconsin Statutes are to the 1993–94 version unless otherwise noted.

plaint within 30 days from the issuance of the Department's decision and order dated March 31, 1997, as required by Wis. Stat. § 102.23(1)(a). They argued that Wausau Insurance was a necessary and adverse party, and therefore, because McDonough failed to serve Wausau Insurance within 30 days after the Department's decision and order, the court had no subject matter jurisdiction to proceed. McDonough argued that service had been achieved on Wausau Insurance through timely service on the Commission, as required by the plain language of § 102.23(1)(b).

¶ 6. The Wood County Circuit Court, the Honorable Dennis D. Conway presiding, granted the defendants' motions and dismissed the case with prejudice. The circuit court determined that a necessary and adverse party, Wausau Insurance, had not been served within 30 days of the Department's order as required by Wis. Stat. § 102.23. Therefore, the circuit court determined that it did not have subject matter jurisdiction or competency to proceed.

¶ 7. McDonough appealed the circuit court's judgment pursuant to Wis. Stat. § 102.25. In an unpublished per curiam opinion, the court of appeals affirmed the circuit court's dismissal of McDonough's case.[3] The court of appeals determined that "department" should be read in place of "commission" throughout Wis. Stat. § 102.23 when a party is appealing a Department decision and order under Wis. Stat. § 102.16(2m)(e).

¶ 8. McDonough petitioned this court for review pursuant to Wis. Stat. § 808.10 and § (Rule) 809.62, which we granted.

---

[3] *McDonough v. Department of Workforce Development*, No. 97–3711-FT, unpublished slip op. at 4 (Wis. Ct. App. Aug. 20, 1998).

¶ 9. The issue presented is whether a party appealing a necessity of treatment order of the Department pursuant to Wis. Stat. § 102.16(2m)(e) can achieve service by serving the Commission rather than the Department with enough copies of the summons and complaint as there are defendants. Section 102.16(2m)(e) states that judicial review of Department orders must be done in the same manner that compensation claims are reviewed under Wis. Stat. § 102.23. This issue requires that we interpret §§ 102.16(2m)(e) and 102.23(1)(b) and the interaction of these two statutes.

■■■

¶ 10. Statutory interpretation is a question of law that this court reviews de novo. *Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996). The goal of statutory interpretation is to discern the intent of the legislature. *Id.* We turn first to the plain language of the statute. *Hemberger v. Bitzer*, 216 Wis. 2d 509, 517, 574 N.W.2d 656 (1998). If the plain language is ambiguous, we rely on extrinsic aids such as legislative history, scope, purpose, subject matter and context to determine the legislature's intent. *Id.*

¶ 11. Wisconsin Stat. § 102.16(2m)(e) provides: "A health service provider, insurer or self-insured employer that is aggrieved by a determination of the department under this subsection [regarding challenging a necessity of treatment dispute order] may seek judicial review of that determination in the same manner that compensation claims are reviewed under s. 102.23." At the direction of § 102.16(2m)(e), we turn to Wis. Stat. § 102.23 which provides for judicial review. The section pertinent to the issue in this case is § 102.23(1)(b):

(b) In such an action a complaint shall be served with an authenticated copy of the summons. The complaint need not be verified, but shall state the grounds upon which a review is sought. Service upon a commissioner or agent authorized by the commission to accept service constitutes complete service on all parties, but there shall be left with the person so served as many copies of the summons and complaint as there are defendants, and the commission shall mail one copy to each other defendant.

¶ 12. The plain language of Wis. Stat. § 102.16(2m)(e) directs parties to rely on Wis. Stat. § 102.23 to appeal a Department necessity of treatment order to the circuit court. The plain language of § 102.23 requires that service be achieved by serving a "commissioner" with enough copies of the summons and complaint as there are defendants.

¶ 13. Although the statutes are plain on their face, statutes may be rendered ambiguous by their interaction with other statutes. *State v. White*, 97 Wis. 2d 193, 198, 295 N.W.2d 346 (1980). In this case, ambiguity is created by the interaction between Wis. Stat. §§ 102.16(2m)(e) and 102.23(1)(b). Section 102.16(2m)(e) provides for judicial review of a Department order regarding a necessity of treatment dispute. However, such judicial review must be achieved "in the same manner that compensation claims are reviewed under s. 102.23." Section 102.23 provides for judicial review of Commission orders, not Department orders. To resolve the ambiguity created by the interaction between §§ 102.16(2m)(e) and 102.23(1)(b), we rely on extrinsic aids.

¶ 14. McDonough relies on the plain language of Wis. Stat. § 102.23 to argue the statute allows that

service in an appeal of a Department order can be achieved by serving the Commission with enough copies of the summons and complaint as there are defendants. The Department argues that Wis. Stat. §§ 102.16(2m)(e) and 102.23(1)(b) must be read *in pari materia*. That is, because the statutes relate to the same subject matter, they should be read together. When read together, the Department asserts, the word "department" should be read into § 102.23 where "commission" is used.

¶ 15. We agree, to some extent, with both parties. We hold that, given the ambiguity presented by the interaction of Wis. Stat. §§ 102.16(2m)(e) and 102.23(1)(b), service for appeals under § 102.16(2m)(e) can be achieved by timely serving either the Department or the Commission with enough copies of the summons and complaint as there are defendants. *See Wisconsin Finance v. Garlock*, 140 Wis. 2d 506, 518, 410 N.W.2d 649 (Ct. App. 1987) (construing Wis. Stat. §§ 180.11(2) and 801.11(5)(b) (1982) as providing "alternative options for a party seeking substitute service on a corporation if personal service is unavailable under sec. 801.11(5)(a).").

¶ 16. We agree with the Department that when two statutes deal with the same subject matter, we read them *in pari materia*. *Gottfried, Inc. v. Dept. of Revenue*, 145 Wis. 2d 715, 720, 429 N.W.2d 508 (Ct. App. 1988) (citing *State v. Clausen*, 105 Wis. 2d 231, 244, 313 N.W.2d 819 (1982)). Wisconsin Stat. §§ 102.16(2m)(e) and 102.23 both deal with appealing agency decisions under the Workers Compensation Act. "It is our duty to construe statutes on the same subject matter in a manner that harmonizes them in

order to give each full force and effect." *State v. Aaron D.*, 214 Wis. 2d 56, 66, 571 N.W.2d 399 (Ct. App. 1997) (citation omitted). When the language of a statute and the legislative history are silent about the relationship between two statutes, we look to the purposes of the statutes to resolve questions. *Byers v. LIRC*, 208 Wis. 2d 388, 395, 561 N.W.2d 678 (1997).

¶ 17. The purpose of the Workers Compensation Act, enacted as Wis. Stat. ch. 102, "is to give prompt relief to injured employees who are entitled to compensation." *Cruz v. ILHR Department*, 81 Wis. 2d 442, 449–50, 260 N.W.2d 692 (1978) (citing *Schneider Fuel & Supply Co. v. Industrial Comm.*, 224 Wis. 298, 272 N.W. 25 (1937)). Provisions for service, first enacted in 1929, § 3, ch. 453, Laws of 1929, are part of the scheme to provide an injured employee prompt relief. In 1991, the legislature enacted Wis. Stat. § 102.16(2m) to clarify the process by which the Department resolves a dispute regarding the necessity of treatment provided to an employee claiming workers compensation benefits. *See* 1991 Wis. Act 285, *Analysis by the Legislative Reference Bureau*. Although not explicit, the purpose of § 102.16(2m)(e) also seems to be part of the scheme to provide prompt relief to health service providers who provide services to injured employees entitled to workers compensation.

¶ 18. The purposes of both Wis. Stat. §§ 102.16(2m)(e) and 102.23 can be achieved if they are read *in pari materia*. Reading "department" in place of "commission" throughout § 102.23 when a party is appealing a Department order under § 102.16(2m)(e) allows parties to promptly achieve judicial review and gives both statutes their full force and effect. *See Kaiser v. City of Mauston*, 99 Wis. 2d 345, 362–63, 299 N.W.2d 259 (Ct. App. 1980). Achieving service by serving the

Department with enough copies of the summons and complaint as there are defendants allows the Department to promptly forward the copies to the other defendants in the case.

¶ 19. Our reading of the statutes in this way is also supported by common sense. *See State v. Clausen*, 105 Wis. 2d 231, 246, 313 N.W.2d 819 (1982) (a statute should not be construed in derogation of common sense). As the Department pointed out, the Commission is never involved in a necessity of treatment dispute. These cases are handled by the Department and appealed directly to the circuit court. The Commission has no file on necessity of treatment cases. Given this situation, it conforms with common sense to achieve service by serving the Department. The Department has handled the case and holds the relevant file and record information.

¶ 20. Reading Wis. Stat. §§ 102.16(2m)(e) and 102.23 *in pari materia* and relying on common sense, we conclude that a reasonable interpretation of the statutes is that reading "department" where § 102.23 says "commission" is appropriate for appeals from Department orders under § 102.16(2m). Accordingly, we hold that, given the ambiguity presented by the interaction of §§ 102.16(2m)(e) and 102.23(1)(b), service for appeals under § 102.16(2m)(e) can be achieved by timely serving the Department with enough copies of the summons and complaint as there are defendants.

¶ 21. Another equally reasonable interpretation of the two statutes as they interact is found by relying on the language of the statutes. In the present case, Wis. Stat. § 102.23 specifically requires the plaintiff to achieve service by serving a "commissioner" with enough copies of the summons and complaint as there are defendants. § 102.23(1)(b). There is nothing com-

plex or confusing about § 102.23—the statute "plainly requires service on the commission." *Gomez v. LIRC*, 153 Wis. 2d 686, 690, 451 N.W.2d 475 (Ct. App. 1989). However, as discussed above, the direction of § 102.23(1)(b) is rendered ambiguous by its interaction with Wis. Stat. § 102.16(2m)(e).

¶ 22. When an ambiguity exists regarding the specific party to be served, procedural statutes must be construed liberally to achieve determination of the merits of the controversy, if such construction is possible. *Dept. of Transportation v. Peterson*, No. 97–2718, op. at 6 (S. Ct. June 8, 1999). Where a procedural statute is ambiguous, whether that ambiguity is created by a statute itself or the interaction of two or more statutes, "the ambiguity is to be resolved in favor of the person appealing the [agency's] award of damages." *Id.* at 7. Where the petitioner has complied with the language of § 102.23(1)(b) regarding the procedure for service, it would be extraordinarily harsh to cut off petitioners' right to a review of the Department's order. *See id.* (citing *Trojan v. Board of Regents*, 104 Wis. 2d 277, 284, 311 N.W.2d 586 (1981)).

¶ 23. As directed by the language of Wis. Stat. §§ 102.16(2m)(e) and 102.23, and the Department's order, McDonough complied with § 102.23 to appeal the Department's order under § 102.16(2m). Within 30 days after the Department issued its order, McDonough served four copies of a summons and complaint, one for each defendant, upon a commissioner. Faced with the ambiguity created by the interaction of the two statutes, but in accord with the language of the statutes, it was reasonable and logical for McDonough to achieve service by serving a commissioner with

enough copies of the summons and complaint as there are defendants.

¶ 24. Relying on the language of Wis. Stat. §§ 102.16(2m)(e) and 102.23(1)(b), we hold that, given the ambiguity presented by the interaction of the statutes, service for appeals under § 102.16(2m)(e) can be achieved by timely serving the Commission with enough copies of the summons and complaint as there are defendants. Accordingly, McDonough achieved service by timely serving a commissioner with enough copies of the summons and complaint as there are defendants.

¶ 25. If the legislature or Department disagree with our interpretation of the interaction between Wis. Stat. §§ 102.16(2m)(e) and 102.23(1)(b), both are free to clarify the procedures an aggrieved party must follow to appeal a necessity of treatment order made by the Department. *See Peterson*, slip op. at 7. The legislature, of course, is free to amend either or both statutes. The Department also can take steps to eliminate confusion. *See id.* Litigants should not be kept guessing as to which governmental entity to name and serve in proceedings for judicial review. *Sunnyview Village v. Administration Dept.*, 104 Wis. 2d 396, 412, 311 N.W.2d 632 (1981). As in *Sunnyview Village*, "[w]e recommend that [the Department] adopt the practice of providing with their administrative decisions information on how to process proceedings for review, including which governmental entity is to be named and served as respondent." *Id.* In this case, the Department's order simply referred McDonough to § 102.23. Where the Department's order refers the party to a statute and that statute permits the party to achieve service by serving the Commission, the party cannot be

faulted for doing exactly as instructed and as the statute directs.

¶ 26. In sum, we hold that, given the ambiguity presented by the interaction between the two statutes at issue, service for appeals from Department orders under Wis. Stat. § 102.16(2m)(e) can be achieved by timely serving either the Department or the Commission with enough copies of the summons and complaint as there are defendants. Because McDonough served enough copies of the summons and complaint with a commissioner as there are defendants, we conclude that he achieved service. Accordingly, we reverse the decision of the court of appeals and remand the cause to the circuit court for proceedings on the merits.[4]

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court for proceedings on the merits.

[4] Because we have determined that service for appeals from Department orders under Wis. Stat. § 102.16(2m)(e) can be achieved by timely serving either the Department or Commission with enough copies of the summons and complaint as there are defendants, and therefore, are remanding for judicial determination on the merits, we do not address other issues raised by the parties.