GEORGE E. RICE, Acting Corporation Counsel Milwaukee County
You have requested my opinion on two questions. You ask whether the police and fire commission of the city of South Milwaukee can require testing for the AIDS virus as part of the normal medical physical examination given to paramedic candidates in the absence of a declaration by the Department of Health and Social Services that paramedics provide a significant risk of transferring the AIDS virus to other individuals. It is my opinion that the commission may not require such testing. You also ask whether section 103.15, Stats., provides any immunity to the commission and the city from claims by individuals who can establish that they contracted the virus from a paramedic while the paramedic was performing his or her duties. The statute itself offers no such immunity. However, the general principles of immunity and indemnification which apply to the fact situation you pose do provide general guidance to the commission and the city.
Section 103.15(2), as amended by 1987 Wisconsin Act 70, section 36, provides in relevant part:
 [U]nless the state epidemiologist determines and the secretary of health and social services declares under s. 140.05(1) that individuals who have HIV infections may, through employment, provide a significant risk of transmitting HIV to other individuals, no employer or agent of an employer may directly or indirectly:
 (a) Solicit or require as a condition of employment of any employe or prospective employe a test for the presence of an antibody to HIV. *Page 182 
 (b) Affect the terms, conditions or privileges of employment or terminate the employment of any employe who obtains a test for the presence of an antibody to HIV.
The initial question is whether a police and fire commission is an "employer" within the meaning of section 103.15. Although other sections of chapter 103 define employer within their relative scopes, see sections 103.01(1), 103.13(1)(b),103.14(1)(b), 103.21(1), 103.37(3), 103.545(1)(a), 103.64(1) and103.90(2), the term is not defined in section 103.15. The general rule that statutes of general application do not apply to the state and its agencies does not apply with equal force to governmental subunits. Compare State ex rel. Dept. of Pub.Instruction v. ILHR, 68 Wis.2d 677, 681, 229 N.W.2d 591 (1975)with Lakeland Home v. Nursing Home Appeals Div., 118 Wis.2d 636,640, 348 N.W.2d 523 (1984). Even where a statute does not expressly include a governmental subunit in its scope, the statute has been applied to the governmental subunit. Ibid.
Moreover, a police and fire commission has all the attributes of an employer as that term is generally understood, section62.13, and is an employer for other purposes, such as fair employment, section 111.32(6), and employment relations, section111.70(1)(j).
Further, inclusion of a police and fire commission under the coverage of section 103.15 is consistent with the statute's purposes. The statute is designed to protect potential employes from having to take HIV tests as a condition of employment except where there is a significant risk of transmitting AIDS, and to remove from the employer the decision whether significant risk is present. Inclusion of the paramedics sought to be hired by the commission would further the purposes of the statute. I conclude that the police and fire commission is an employer under the statute.
The statute prohibits employers from requiring HIV tests of current or prospective employes unless the state epidemiologist and the secretary of the Department of Health and Social Services determine that employes with HIV infections present a substantial risk of transmitting the virus to others through their employment. To date, the state epidemiologist has not determined that paramedics present such a risk. The police and fire commission therefore, may not test current or prospective paramedics for HIV.
In my opinion, members of the police and fire commission and the city of South Milwaukee would be immune from money damage *Page 183 
suits by individuals who could prove that they became infected with HIV through employment-related contact with a paramedic. "The general rule is that a public officer is not personally liable to one injured as a result of an act performed within the scope of his official authority and in the line of his official duty." Lister v. Board of Regents, 72 Wis.2d 282, 300,240 N.W.2d 610 (1976). The refusal to test paramedic candidates and employes is such an act. Moreover, even if the commission members had discretion to require testing, "public officers are immune from liability for damages resulting from their negligence or unintentional fault in the performance of discretionary functions." Id., 72 Wis.2d at 301.
Under section 893.80(4), political corporations, governmental subdivisions and their officers, agents and employes are insulated from liability for their quasi-legislative acts. Thus, under state law, commission members would be immune from money damage liability if they adopted a policy of non-testing, whether or not section 103.15 prohibited testing. Lifer v. Raymond,80 Wis.2d 503, 511-12, 259 N.W.2d 537 (1977); Kimpton v. New LisbonSchool Dist., 138 Wis.2d 226, 233-34, 405 N.W.2d 740 (Ct.App. 1987). However, it is possible that such an official municipal policy could form the basis of a civil rights lawsuit. See Monellv. Department of Social Services of the City of New York,436 U.S. 658, 690-91 (1978); Pembaur v. Cincinnati, 475 U.S. 469
(1986). For this reason, I would advise the commission not to adopt a non-testing policy of its own, but to rely instead on the statutory testing prohibition. Under the civil rights statutes, personal responsibility is the touchstone for liability. Adams v.Pate, 445 F.2d 105, 108 (7th Cir. 1971). The liability of commission members cannot be predicated on the state's prohibition against AIDS testing.
The foregoing is not to say that the commission and the city are insulated from all liability. If a judgment is obtained against a public employe because of acts committed while carrying out duties, and while acting within the scope of employment, the employing political subdivision is liable for the judgment. Sec.895.46, Stats. Thus if a rescued person obtained a judgment against a paramedic for a tortious AIDS transmission that occurred while the paramedic was acting within the scope of his or her employment, the employing unit would be liable for the judgment, in spite of the testing prohibition of section 103.15
DJH:BAO *Page 184