STATE EX REL. WISCONSIN'S ENVIRONMENTAL DECADE, INC., Petitioner, v. JOINT COMMITTEE FOR REVIEW OF ADMINISTRATIVE RULES, and others, Respondents.†

*No. 75-520. Argued April 12, 1976.— Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 497.)

For the petitioner there was a brief and oral argument by *Melvin L. Goldberg* of Madison.

For the respondents there was a brief by *Jack R. DeWitt, Jon P. Axelrod, John H. Lederer* and *DeWitt, McAndrews & Porter, S. C.* of Madison, and oral argument by *Jack R. DeWitt.*

A brief amicus curiae was filed by *Bronson C. La Follette,* attorney general, and *Charles D. Hoornstra,* assistant attorney general.

A brief amicus curiae for the Center for Public Representation was filed by *George Bunn* of Madison.

DAY, J. On November 21, 1975, petitioner Wisconsin's Environmental Decade, Inc., (WED), petitioned this court for leave to commence an original action challeng-

---

† Motion for rehearing denied, without costs, on August 23, 1976.

ing the suspension of a certain administrative rule promulgated by the Department of Industry, Labor & Human Relations (DILHR) by a legislative committee known as the Joint Committee for Review of Administrative Rules (JCRAR) on constitutional grounds. A hearing on the petition was held on December 18, 1975, at which a stipulation of facts was submitted. On December 19, 1975, this court granted the petition based on the stipulated facts. On April 12, 1976, the matter was argued before the court.

JCRAR is a legislative committee consisting of four senators and five representatives having the powers enumerated in sec. 13.56, Stats. The critical power of JCRAR is that of entertaining "complaints" concerning administrative rules and, if it considers such complaints "meritorious and worthy of attention," suspending those rules until the entire legislature has either repealed the challenged rules or failed to do so. If the legislature fails to repeal, the rule goes back into effect.

The rules involved in the present case came into being as a result of a DILHR-supported study of means of alleviating energy shortages through modification of building standards. Among the standards proposed by the study was one entitled "Thermal Performance Standards" which would have limited heat loss to 13 BTU's per square foot per hour. DILHR held appropriate hearings on this proposal, among others, and adopted an amended version as Wis. Admin. Code sec. IND 51.02 (16) [1] on November 18, 1974, effective January 1, 1975.

In January, 1975, JCRAR received "complaints" with respect to the rule alleging among other things that it was ineffective and discriminatory. Upon the urging of

[1] "(16) Thermal Performance Standards.

"(a) The design heat loss, excluding infiltration and ventilation, through above grade gross walls and roofs facing heated interiors shall not exceed 13 BTU per hour per square foot for the total building envelope."

JCRAR, DILHR reconsidered the rule but refused to change it. In April, 1975, JCRAR held public hearings on the rule and on May 29, 1975, voted to suspend the rule and thus to submit the matter to the legislature.

On April 9, 1976, the parties filed a "Supplemental Stipulation as to Facts" which, among other things, stipulated that on October 8, 1975, JCRAR introduced in the Wisconsin State Senate, Senate Bill 665 to repeal IND 51.02 (16). On February 26, 1976, the Senate passed Bill 665. On February 27, 1976, the bill was received by the assembly. On March 23, 1976, the chairperson of the assembly committee on state affairs wrote to the chairperson of JCRAR a letter stating that there had been issued "a public statement by the Commissioners of DILHR that they will adopt an emergency rule that will modify the 13-BTU standard by accepting, on a case by case basis, either the ASHRAE standard 90–75 or the proposed total connected load standard." On March 26, 1976, the assembly adjourned without enacting Senate Bill 665. Since the legislature adjourned without enacting Senate Bill 665, IND 51.02 (16) stands pursuant to sec. 13.56 (2), Stats.

The case is moot. We decline to act further in the matter.

*By the Court.*—Petition dismissed.