TOWN OF WALWORTH, WALWORTH COUNTY, Plaintiff-Respondent, v. VILLAGE OF FONTANA-ON-GENEVA LAKE, WALWORTH COUNTY, Defendant-Appellant.

Court of Appeals, District II

*No. 77–665. Submitted on briefs July 18, 1978.—*
*Decided September 1, 1978.*
(Also reported in 270 N.W.2d 442.)

For the appellant the cause was submitted on the brief of *Philip B. Morrissy* and *Morrissy, Morrissy and Race* of Elkhorn.

For the respondent the cause was submitted on the brief of *Paul E. Kremer* and *Lehman, Seymour & Kremer* of Elkhorn.

Before Voss, P.J., Brown, J., and Bode, J.

BROWN, J.  On February 21, 1977, the Village of Fontana-on-Geneva Lake adopted an ordinance annexing certain noncontinguous property owned by it in the Town of Walworth, Walworth County, Wisconsin.  The land was unoccupied and was the site for the village well.  Before

passing the ordinance, the village indicated that it intended to also use the land for a public ball park.

At the time the ordinance was passed, Walworth County had an ordinance limiting the permitted uses for certain land, including the land owned by the village. Under the ordinance, the use of the land as a well was permitted, but the use of the land for a ball park required rezoning. Before the annexation ordinance was passed, the village did not obtain approval from the County Park and Planning Commission to rezone the area for use as a park. As a result, on April 4, 1977, the Town of Walworth brought an action seeking a declaratory judgment that the annexation ordinance was unconstitutional, unlawful and ultra vires. On August 3, 1977, the defendant filed a motion to dismiss the suit. A hearing on the motion was held on August 12, 1977. On September 19, 1977, the trial court issued a memorandum decision and on February 20, 1978, an order was entered denying the defendant's motion to dismiss. The defendant is now appealing the denial of its motion to dismiss.

The defendant's first claim in support of its motion to dismiss was that the court lacked jurisdiction to decide the case because the attorney general had not been served within 60 days of the commencement of the action.

Section 806.04(11), Stats., provides that in an action for declaratory relief where a statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general must be served with a copy of the proceeding and is entitled to be heard. Failure to serve the attorney general deprives the court of jurisdiction, *Bollhoffer v. Wolke,* 66 Wis.2d 141, 223 N.W.2d 902 (1974). The defendant's argument is that sec. 806.04(11), Stats., giving the attorney general the right to be heard, makes him a

*de facto* defendant. As a defendant in the action, he must be served within 60 days of filing or the action is not properly commenced pursuant to sec. 801.02(1), Stats.[1] The defendant thus concludes that since the attorney general was not served within 60 days of the filing of the complaint, the trial court had no jurisdiction over the case and, therefore, erred in refusing to grant the defendant's motion to dismiss.

There is no authority in the statutes or the case law to support the defendant's assertion that sec. 806.04(11), Stats., makes the attorney general a *de facto* defendant and subject to the 60 day service provision. Section 806.-04(11), Stats., states:

"In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and be entitled to be heard."

The statute specifically requires that a municipality be made a party. No such requirement is made for the attorney general. The language of the statute makes it clear that the legislature did not intend to require that the attorney general be made a party. The purpose of the statute is to give the attorney general the opportunity to defend the statute, ordinance or franchise against a claim of unconstitutionality. The attorney general can perform this function without being made a party. Therefore, the

---

[1] "801.02 **Commencement of action.** (1) A civil action in which a personal judgment is sought, other than certiorari, habeas corpus, mandamus or prohibition, is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing."

60 day service requirement of sec. 801.02(1), Stats., does not apply.

Section 801.03(3), Stats., defines "defendant," for purposes of that chapter, as a "person *named* as defendant." Since the attorney general need not be named as a defendant, he need not be served within 60 days. The only requirement that need be satisfied is that the attorney general be served in time to be heard prior to any determination on the merits of the constitutional claim. In the instant case, a copy of the pleadings was sent to the attorney general on August 11, 1977. Receipt by the attorney general was acknowledged on August 19, 1977. Since no determination on the merits of the constitutional claim has been made to date, the service on the attorney general was timely.

The defendant's second claim is that the plaintiff has no standing to sue. In support of this claim, the defendant first contends that the plaintiff's declaratory judgment suit is, in effect, an enforcement of the county's zoning ordinance and that the plaintiff is not authorized to enforce the zoning ordinance. Second, the defendant asserts that the plaintiff's allegation of damages is not specific enough to give the plaintiff standing. Third, the defendant claims that since the plaintiff is not the enforcing authority for violations of the county ordinance, it must demonstrate that it first made a demand on the county to enforce its ordinance before it can sue. Finally, the defendant alleges that the town board did not formally authorize the suit as required by *Town of Nasewaupee v. City of Sturgeon Bay*, 77 Wis.2d 110, 251 N.W. 2d 845 (1977).

[4]

We disagree with the defendant's claim that the plaintiff had no standing to sue. Section 66.029, Stats., states:

"In proceedings whereby territory is attached to or detached from any town, the town is an interested party . . . ."

In the instant case, the village owned the piece of land here involved, but the land was inside the town limits. When the village passed its annexation ordinance, it voted to detach the land from the Town of Walworth. Under sec. 66.029, Stats., the town is, therefore, an interested party. Section 66.029, Stats., authorized the town board to "institute an action to test the validity of an ordinance, attaching or detaching its territory." Thus, not only is the town an interested party, but it may bring suit to test the validity of the annexation ordinance if the town board authorizes the suit.

As to the defendant's second contention that the plaintiff had no standing because its interest was insufficient, the Wisconsin Supreme Court has specifically rejected this claim in *Town of Blooming Grove v. City of Madison*, 275 Wis. 328, 81 N.W.2d 713 (1957). In *Blooming Grove* the court held that any attempt to annex a part of the town's territory gave the town a sufficient interest to maintain a suit to challenge the annexation.

The third contention of the defendant, that the plaintiff failed to first demand enforcement of the county ordinance by the county before filing suit, is wholly without merit. There is no statutory authority or case law to support this assertion.

The last contention of the defendant, that the town board failed to properly authorize the suit, is an issue of fact to be determined by the trier of fact.

Therefore, based on the foregoing reasons, the trial court did not err in denying the defendant's motion to dismiss on the grounds that the plaintiff had no standing.

The last issue the defendant raised to support its motion to dismiss was that the plaintiff failed to state a cause of action upon which relief could be granted.

For its cause of action, the plaintiff claimed that the annexation ordinance was unlawful. The plaintiff claimed that the ordinance was unlawful because it violated sec. 66.025, Stats. Section 66.025, Stats., states:

"**66.025 Annexation of owned territory.** In addition to other methods provided by law, territory owned by and lying near but not necessarily contiguous to a village or city may be annexed thereto by ordinance adopted by the board of trustees of such village or the council of such city, *provided that in the case of noncontiguous territory the use of such territory by the city or village is not contrary to any town or county zoning regulation. . . ."* (Emphasis added.)

The plaintiff is arguing that the proposed use for the land to be annexed was in violation of the county zoning ordinance requiring rezoning for uses classified as conditional uses. Using the land as a park site is a conditional use under the ordinance. Therefore, the plaintiff is contending that since the proposed use requires rezoning under the ordinance, and the village failed to request rezoning, the annexation ordinance was contrary to the county ordinance.

The defendant claims that the plaintiff has no cause of action because the "use" referred to in sec. 66.025, Stats., is present use and not a proposed use. Since the present use is not contrary to the county ordinance, the annexation was lawful. The defendant further claims, that even if the statute refers to "proposed" use, a use classified as conditional does not conflict with the ordinance. Lastly, the defendant argues that even if the statute refers to "proposed" use and even if "conditional" use is contrary to the county ordinance, the county ordinance is unconstitutional.

Whether or not the use of the land involved in this case is contrary to the county zoning ordinance is an issue that has not yet been decided by the trial court. Since there is a dispute between the parties as to whether or not the annexation ordinance was in violation of a county ordinance, there is an issue of fact to be determined by the trial court. To say that the trial court must first interpret the very statute in dispute in order to determine whether the plaintiff has a cause of action would frustrate the whole purpose of declaratory judgment actions. The main subject of the declaratory judgment action is the interpretation of the statute and its application to the facts. If under one interpretation of the statute the plaintiff would be entitled to declaratory relief, it has a cause of action for which relief could be granted.

In this case the plaintiff has alleged that under its interpretation of the statute and ordinance, the village's annexation ordinance is unlawful. These are sufficient allegations to state a cause of action for declaratory relief.

For the foregoing reasons, we therefore conclude that the trial court did not err in denying the defendant's motion to dismiss.

*By the Court.*—Order affirmed.