## Harlan RICHARDS, Plaintiff-Appellant,

v.

## Warren YOUNG and Dave King, Defendants-Respondents.†

Court of Appeals

*No. 87–1874. Submitted on briefs April 22, 1988.—Decided May 26, 1988.*

(Also reported in 426 N.W.2d 117.)

For the plaintiff-appellant the cause was submitted on the briefs of *Harlan Richards,* pro se, of Waupun.

† Petition to review granted.

For the defendants-respondents the cause was submitted on the brief of *Paul W. Schwarzenbart* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* of Madison.

Before Gartzke, P.J., Eich and Sundby, JJ.

EICH, J.   Harlan Richards, an inmate at the Waupun Correctional Institution, commenced this action under the declaratory judgment provisions of secs. 227.40 and 806.04, Stats., seeking a ruling on the validity of certain prison rules. The defendants, Warren Young, the prison superintendent, and Dave King, the director of the prison programs operated under the challenged rules, moved to dismiss for lack of subject matter jurisdiction. The trial court granted the motion and Richards appeals from the order of dismissal and from a subsequent order denying his motion for reconsideration. The sole issue is whether Richards's failure to serve copies of his petition for declaratory relief on the Joint Committee for Review of Administrative Rules within sixty days of filing the action deprives the court of jurisdiction. We conclude that the tardy service was not fatal to the court's jurisdiction and reverse the orders.

Richards filed the petition in Dane County Circuit Court on March 3, 1986, and served copies of the summons and the petition on the attorney general and the individual defendants ten to fifteen days later. He also served a copy on the Joint Committee on Finance of the Wisconsin Legislature. He did not, however, serve the Joint Committee for Review of Administrative Rules (JCRAR) as required by sec. 227.40(5), Stats. That section provides that in all declaratory judgment proceedings for judicial review of administrative rules, JCRAR "shall be served with a copy of the petition ...." The statute also states that, upon the

approval of the Joint Committee on Legislative Organization, JCRAR "shall be made a party [to the action] and be entitled to be heard."

Young and King challenged the court's jurisdiction on grounds that Richards had failed to serve JCRAR, and Richards subsequently served the committee on July 29, 1987. The trial court dismissed the action, holding that the rules committee's "right" to become a party made it a "de facto defendant." As a result, the court ruled that sec. 893.02, Stats., which provides that no action is deemed commenced as to any named defendant not served within sixty days of the filing of the action, operated to void the "late" service on JCRAR and thus deprived the court of jurisdiction under the rule of *Harris v. Reivitz,* 142 Wis. 2d 82, 417 N.W.2d 50 (Ct. App. 1987).

The interpretation of statutes necessarily involves questions of law. We decide such questions independently, without deference to the trial court's determination. *Sunnyview Village v. Administration Dept.,* 104 Wis. 2d 396, 402, 311 N.W.2d 632, 635 (1981). Our review of the statutes and applicable cases convinces us that service on the committee more than sixty days after the filing of the action does not deprive the court of subject matter jurisdiction.

Young and King argue first that service on the rules committee is a condition precedent to maintaining the action, citing *Harris v. Reivitz, supra.* We held in that case that strict compliance with sec. 227.40 is required and that the petitioner's failure to serve the rules committee was fatal to the trial court's jurisdiction.* *Id.,* 142 Wis. 2d at 92–93, 417 N.W.2d at 54. We

---

*Harris* refers to sec. 227.05(5), Stats. (1983–84), which has been renumbered as sec. 227.40(5) (1985–86).

do not consider *Harris* as controlling, however, for in this case the committee *was* served with a copy of the petition, whereas in *Harris* the committee was never served at all. Young and King do not complain that service was never obtained, but only that it was obtained more than sixty days after the action was filed with the clerk of courts. The question is whether that "late" service is fatal to the action.

The trial court held that the provisions of sec. 227.40(5), Stats., allowing JCRAR to become a party to the proceedings upon approval of the legislative organization committee, elevate JCRAR to de facto status as a party defendant in declaratory judgment actions and thus subject to the provisions of sec. 893.02, Stats. Young and King contend that because the committee, with appropriate approval, had a right to become a defendant, it was in fact a "defendant," within the meaning of sec. 893.02, and because it was not served within sixty days of filing, the action must fail. We disagree.

A similar claim was rejected in *Town of Walworth v. Fontana-on-Geneva Lake*, 85 Wis. 2d 432, 270 N.W.2d 442 (Ct. App. 1978). The court there considered sec. 806.04(11), Stats. (1977), which provided that in any action to declare a municipal ordinance unconstitutional, the municipality *"shall be made a party,* and ... be entitled to be heard," and, in addition, the attorney general *"shall* also *be served* with a copy of the proceeding and be entitled to be heard." (Emphasis added.) The action challenged the constitutionality of an annexation ordinance and the defendant moved to dismiss on jurisdictional grounds because the attorney general had not been served within sixty days of the filing of the action. The court, acknowledging the rule that "[f]ailure to serve the attorney

general deprives the court of jurisdiction," *Town of Walworth*, 85 Wis. 2d at 435, 270 N.W.2d at 444, nonetheless rejected the defendant's argument that sec. 806.04(11) made the attorney general a de facto defendant subject to the sixty day service requirement of sec. 801.02(1), Stats. (1977) [now sec. 893.02, Stats.]. *Town of Walworth*, 85 Wis. 2d at 436–37, 270 N.W.2d at 444. The court contrasted the "shall be served" language applicable to the attorney general with the "shall be made a party" provision applicable to municipalities and held that since the attorney general "need not be named as a defendant, he [or she] need not be served within 60 days." *Id.* at 437, 270 N.W.2d at 444. The court noted that "[t]he only requirement that need be satisfied is that the attorney general be served in time to be heard prior to any determination on the merits of the constitutional claim." *Id.* Because the attorney general had been served—although not until some six months after the action had been commenced—and since no determination on the merits had yet been made, the court ruled that the service "was timely." *Id.*

We believe a similar analysis is applicable here. While the rules committee has a right to become a party to declaratory judgment actions under sec. 227.40(5), Stats., it may do so only upon approval of another legislative committee—presumably after a request for such approval has been made. Like the attorney general in municipal ordinance challenges, the committee may or may not seek to become a party to the underlying action. The only difference is that the committee, if it so desires and is able to obtain the approval of the committee on legislative organization, may become a party as a matter of right, whereas the attorney general would have to apply to the court for

leave to intervene in the action. Neither is automatically a party by operation of law, however, and we do not see how such a conditional right to intervene elevates the committee to the status of a party, either de jure or de facto, so as to invoke the sixty day service provision of sec. 893.02, Stats.

The committee was served well in advance of any consideration of the merits of Richard's challenge to the rules—indeed the merits of the case have yet to be addressed even now. The purpose of the provision of sec. 227.40(5), Stats., requiring notice to the rules committee is the same as that of the statute requiring notice to the attorney that was under consideration in *Town of Walworth:* "to give the attorney general [or, in this case, the rules committee] the opportunity to defend the statute, ordinance or [rule] against a claim of unconstitutionality." *Id.,* 85 Wis. 2d at 436, 270 N.W.2d at 444. That purpose has been met here, as it was in *Town of Walworth.*

We therefore, reverse the orders dismissing the action and remand to the circuit court for further proceedings.

*By the Court.*—Orders reversed and cause remanded for further proceedings consistent with this opinion. *Id.*