Harlan RICHARDS, Plaintiff-Appellant,

v.

Warren YOUNG and Dave King, Defendants-
Respondents-Petitioners.

Supreme Court

*No. 87–1874. Submitted on briefs June 1, 1989.—Decided June
28, 1989.*

(Also reported in 441 N.W.2d 742.)

For the defendants-respondents-petitioners there was a brief by *Donald J. Hanaway,* attorney general, and *Frank D. Remington,* assistant attorney general.

For the plaintiff-appellant there was a brief by *Harlan Richards,* pro se.

Amicus curiae letter brief filed by *John R. Plewa,* senate co-chair, and *John M. Antaramian,* assembly co-chair, of the Joint Committee for Review of Administrative Rules.

STEINMETZ, J.   The issue in this case is whether the circuit court lacked competency to proceed because the plaintiff failed to serve the Joint Committee for Review of Administrative Rules (JCRAR) with a copy of the complaint within sixty days after filing the action as required by sec. 893.02, Stats.[1]

---

[1] Section 893.02, Stats., provides as follows:

> **Action, when commenced.** An action is commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons naming the defendant and the complaint are filed with the court, but no action shall be deemed commenced as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 60 days after filing.

Harlan Richards, in his *pro se* brief, raises the issue that the petitioners filed their petition with this court 32 days after the court of appeals decision was filed, and, therefore, alleges this court does not have jurisdiction. The court of appeals decision was filed on May 26, 1988. Section 809.62(1), Stats., states that a petition for review must be filed within 30 days of the filing of the court of appeals decision. Section 801.15(1)(b) states, in relevant part: "[I]n computing any period of time prescribed or allowed by chs. 801 to 847, by any other statute governing actions and special proceedings, or by order of court, the day of the act, event or

On March 13, 1986, Harlan Richards filed his complaint seeking a declaratory judgment in Dane county circuit court before Judge P. Charles Jones, which would order the defendants to make several changes in the administrative rules relating to the hobby program at the Waupun Correctional Institution. Richards invoked the jurisdiction of the circuit court under both secs. 227.40 and 806.04, Stats. (Section 227.40 previously was sec. 227.05 1983–84.)

On March 13, 1986, Richards also served a copy of his complaint on the Wisconsin Attorney General's office and the Joint Committee on Finance. On March 18, 1986, Richards served a copy of his complaint on Warren Young and Dave King, the prison superintendent and the director of prison programs, respectively.

Approximately ten and one-half months later, on or about January 30, 1987, defendants filed a motion requesting dismissal of the action due to Richards' failure to serve the JCRAR, and in the alternative, judgment on the merits. Then, on July 29, 1987, well over one year after filing his complaint and approximately one month after the briefing on defendants' motion was completed, Richards served the JCRAR. Richards forwarded the certificate showing service on the JCRAR and attached a copy of a decision by Dane county circuit court Judge Susan Steingass in case No. 86–CV–0799, *Richards v. Kolb*. In that decision, Judge Steingass held

default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a holiday."

Because May 26 is not counted, the 30-day time period expired on Saturday, June 25. However, the statute provides that if the last day for filing falls on a Saturday, the petition must be filed on the following Monday. Therefore, the petition for review was timely filed on June 27, 1988.

551

that Richards was only required to give the JCRAR notice "prior to significant work being done on a case . . .."

Notwithstanding, Judge Jones on September 8, 1987, dismissed Richards' complaint in the present case. Judge Jones found that the circuit court lacked subject matter jurisdiction as a result of Richards' failure to timely serve the JCRAR. Judge Jones ruled that under sec. 227.40(5), Stats., service on the JCRAR must be accomplished within the time limits of sec. 893.02.

Richards filed a motion dated September 8, 1987, to vacate the order of dismissal. He argued that late service on the JCRAR would not have affected the outcome of the action, and, therefore, the circuit court should vacate its order dismissing the action. Judge Jones issued a memorandum decision denying Richards' motion to vacate. The judge determined again that the failure to timely serve the JCRAR deprived the court of subject matter jurisdiction.

Richards appealed to the court of appeals which reversed the trial court. The court of appeals did not adopt Judge Steingass's reasoning from the prior case that service was proper if completed before "significant work" was done on the case. The court of appeals held that Richards must only serve the JCRAR before the circuit court gets to the merits of the case. *Richards v. Young*, 145 Wis. 2d 322, 327, 426 N.W.2d 117 (Ct. App. 1988).

The JCRAR was created by the legislature by the enactment of sec. 13.56, Stats. Section 13.56 provides in relevant part:

> **Joint committee for review of administrative rules. (1)** CREATION. There is created a joint committee for review of administrative rules, consisting of 5 senators and 5 representatives to the

assembly appointed as are the members of standing committees in their respective houses from the majority and minority political parties in each house. In making the appointments, each house shall designate a cochairperson. The committee shall meet at the call of one of its cochairpersons.

(2) PARTICIPATION IN CERTAIN PROCEEDINGS. The cochairpersons of the joint committee for review of administrative rules or their designated agents shall accept service made under ss. 227.40(5) and 806.04(11). If the committee determines that the legislature should be represented in the proceeding, it shall request the joint committee on legislative organization to designate the legislature's representative for the proceeding . . ..

Richards sought the declaratory judgment under secs. 227.40 and 806.04, Stats. Section 227.40(1) sets forth the procedure for service of summons but does not provide a time period within which the summons must be served. Similarly, sec. 806.04(11) states that the JCRAR must be served and the procedure for actually serving the JCRAR is set forth in sec. 801.11(3),[2] relating to civil procedure generally. Again, these provisions do not mention a specific time period within which the

---

[2]Section 801.11(3), Stats., provides:

**801.11 Personal jurisdiction, manner of serving summons for.** A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 801.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

. . ..

**(3)** STATE. Upon the state, by delivering a copy of the summons and of the complaint to the attorney general or leaving them at the attorney general's office in the capitol with an assistant or clerk.

JCRAR must be served. *See* secs. 806.04(11) and 801.11(3).

However, both secs. 227.40(5) and 806.04(11), Stats., require service on the JCRAR. Section 227.40(5) provides:

> The joint committee for review of administrative rules *shall be served* with a copy of the petition in any action under this section and, with the approval of the joint committee on legislative organization, *shall be made a party* and be entitled to be heard. (Emphasis added.)

Section 806.04(11), Stats., provides in relevant part:

> In any proceeding under this section in which the constitutionality, construction or application of any provision of ch. 227, or of any statute allowing a legislative committee to suspend, or to delay or prevent the adoption of, a rule as defined in s. 227.01(13) is placed in issue by the parties, the joint committee for review of administrative rules *shall be served* with a copy of the petition and, with the approval of the joint committee on legislative organization, *shall be made a party* and be entitled to be heard. (Emphasis added.)

Richards argues that the JCRAR is not a "defendant" within the meaning of sec. 893.02, Stats., and, therefore, service is not required on the JCRAR within sixty days as stated in sec. 893.02. The defendants argue that because both secs. 227.40(1) and 806.04(11) require that the JCRAR be served and have an opportunity to become a party, it logically follows that the JCRAR may be a defendant by the choice of the joint committee on legislative organization and therefore sec. 893.02 applies. Because these statutes clearly require service on the JCRAR in a manner which will allow the JCRAR to

discuss the case with the joint committee on legislative organization, we conclude that service must be made within sixty days after filing the complaint. Section 893.02. With this statutory scheme, JCRAR may become a defendant.

Statutory interpretation is a question of law and this court need not defer to the determination of the other courts. *Sunnyview Village v. Administration Dept.*, 104 Wis. 2d 396, 402, 311 N.W.2d 632 (1981). Both secs. 227.40(5) and 806.04(11), Stats., require that the JCRAR be served. These statutes are not permissive, but rather are mandatory. The legislature wanted the JCRAR to have the opportunity to become a party in all such actions. When Richards failed to serve the JCRAR within sixty days as required by sec. 893.02 he deprived the JCRAR of the opportunity to become a party to the action at a meaningful point in time.

The purpose of serving the JCRAR within sixty days in actions contesting the constitutionality of an administrative rule is to give the JCRAR either the opportunity to avoid the litigation by suspending the rule or defend the rule in court which it has previously approved. *See* Joint Committee for Review of Administrative Rules, 1985–86 biennial report, chapter 1. The legislature wanted the JCRAR to have the option of being a party to any lawsuit contesting the constitutionality of an administrative rule. *See* secs. 227.40(5) and 806.04(11), Stats. The legislature premised the JCRAR's ability to become a party on the approval of the joint committee on legislative organization.

If we adopt the court of appeals decision, which would allow a party to defer service upon the JCRAR until just before the trial court gets to the merits, the JCRAR would have little, if any, time to get the approval

of the joint committee on legislative organization, retain counsel and draft a position to be filed with the circuit court.

The JCRAR has the statutory right to be a party to a declaratory judgment action seeking a finding of unconstitutionality. To bestow upon JCRAR the privilege of being a party means more than simply enabling the organization the opportunity to state its position, such as the authority granted the attorney general. A party has the right to control the proceedings, prosecute or defend, to adduce and cross-examine witnesses, to engage in discovery, and to otherwise affect the procedural course of the proceedings, including the right to appeal. A mere formalistic opportunity to be heard on a moment's notice does not satisfy the JCRAR's right to become a party under sec. 227.40(5), Stats.

In *State ex rel. Wis. Environmental Decade v. JCRAR*, 73 Wis. 2d 234, 235, 243 N.W.2d 497 (1976), this court stated:

> The critical power of JCRAR is that of entertaining 'complaints' concerning administrative rules, and, if it considers such complaints 'meritorious and worthy of attention,' suspending those rules until the entire legislature has either repealed the challenged rules or failed to do so. If the legislature fails to repeal, the rule goes back into effect.

Merely giving notice to the JCRAR prior to the time in which the trial court considers the case on its merits was not what the legislature intended. It is not sufficient to give the JCRAR only a last minute opportunity to state its position for the record. Giving the JCRAR notice of the pendency of the action on the eve of the court's decision effectively denies the JCRAR the rights and privileges accorded a party and instead rele-

gates it to the relatively inconsequential role of simply being heard.

Section 893.02, Stats., states that: "no action shall be deemed commenced as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 60 days after filing." Therefore, the JCRAR must be served within sixty days after filing the summons and complaint, because a proceeding under sec. 227.40 or sec. 806.04 is an action within the meaning of sec. 893.02.

In regard to the statutory requirements of service on the attorney general when laws are challenged as to their constitutionality, we have held that proper service is a condition precedent to commencement of a sec. 227.40(5), Stats., action and an action for declaratory judgment challenging the constitutionality of an administrative rule. *O'Connell v. Bd. of Ed., Jt. Dist. No. 10,* 82 Wis. 2d 728, 733–35, 264 N.W.2d 561 (1978). *See also Town of Walworth v. Fontana-on-Geneva Lake,* 85 Wis. 2d 432, 270 N.W.2d 442 (Ct. App. 1978). This court has previously held that if the statutory requirements for obtaining judicial review are not fully complied with, the subject matter jurisdiction of the circuit court cannot be invoked. *Cudahy v. Department of Revenue,* 66 Wis. 2d 253, 261–62, 224 N.W.2d 570 (1974); *see also Wis. Environmental Decade v. Public Service Comm.,* 84 Wis. 2d 504, 516, 267 N.W.2d 609 (1978). Therefore, because this action was not commenced properly, the circuit court could not proceed.

The statutes provide for an orderly process in commencing the declaratory judgment action. Richards invoked the jurisdiction of the circuit court on two bases: secs. 227.40(5) and 806.04(11), Stats., and both require

that JCRAR be served in a manner which allows it enough time to become a party.

The statutes are clear and unambiguous and therefore this court does not resort to judicial rules of construction. *State v. Gilbert,* 115 Wis. 2d 371, 377, 340 N.W.2d 511 (1983). The obvious and ordinary meaning of the statutes is that the summons and complaint must be served upon the JCRAR within sixty days after filing. The JCRAR is entitled to service within sixty days after filing of the declaratory judgment complaint as required by sec. 893.02, Stats., and if not complied with, the circuit court could not proceed.

*By the Court.*—The decision of the court of appeals is reversed.

SHIRLEY S. ABRAHAMSON, J. (dissenting). I do not join the majority opinion because it does not comport with the plain language or legislative purpose of the statutes.

Sections 227.40(5) and 806.04(11) provide that the Joint Committee for Review of Administrative Rules (JCRAR) must be served in specified declaratory judgment actions. JCRAR apparently was served in this case. The statutes are silent regarding the time of service. Both statutes explicitly provide that JCRAR does not become a party to the action until after the approval of the Joint Committee on Legislative Organization (JCLO).[1] Thus the statutes do not require JCRAR to be

---

[1]Section 806.04(11) provides, *inter alia:*

In any proceeding which involves the validity of a municipal ordinance or franchise, the municipality shall be made a party, and shall be entitled to be heard. If a statute . . . is alleged to be unconstitutional, the attorney general shall also be served with a copy . . . and shall be entitled to be heard. In any proceeding under this section in which the constitutionality, construction or application of any provision of ch. 227 . . . is placed in issue by the parties, the

a party or to appear.

The majority reasons that because the JCLO might decide that JCRAR should become a party defendant, JCRAR should be treated as a party defendant at the commencement of the action for purposes of the service rules. The majority then refers to sec. 893.02, Stats. 1987–88, which provides that a civil action in which personal judgment is sought must be commenced against a defendant by service within 60 days after filing the complaint.[2] The majority concludes that because JCRAR was not served within the 60-day period, the circuit court cannot proceed and the case must be dismissed. I disagree with the court's interpretation of the statutes. Furthermore, I believe that the majority has

> joint committee for review of administrative rules shall be served with a copy of the petition and, with the approval of the joint committee on legislative organization, shall be made a party and be entitled to be heard.

Section 227.40(5), which governs declaratory judgment actions for judicial review of the validity of rules, provides:

> The joint committee for review of administrative rules shall be served with a copy of the petition in any action under this section and, with the approval of the joint committee on legislative organization, shall be made a party and be entitled to be heard.

Section 13.56(2) provides, *inter alia:*

> The cochairpersons of the joint committee for review of administrative rules or their designated agents shall accept service made under ss. 227.40(5) and 806.04(11). If the committee determines that the legislature should be represented in the proceeding, it shall request the joint committee on legislative organization to designate the legislature's representative for the proceeding . . ..

[2]The majority does not refer to sec. 801.02, the general statute in the Rules of Civil Procedure relating to commencement of action, but refers instead to sec. 893.02, which appears in the chapter on statute of limitations. The reference to sec. 893.02 suffices because sec. 893.02 is the same as 801.02(1).

unnecessarily set a procedural trap for lawyers and litigants.

## I.

I conclude that the majority errs first in applying the 60-day rule for serving a party defendant to the JCRAR and then holding that the appropriate penalty for late service is automatic dismissal of the case.

The 60-day statute for serving a party defendant does not apply here because sec. 806.04(11) and sec. 227.40(5) clearly provide that JCRAR is not a party defendant at the commencement of the action. Sec. 801.03(1) defines defendant as a person named as defendant in a civil action. In cases under sec. 806.04(11) and sec. 227.40(5), JCRAR should not be named as a defendant because the statutes expressly provide that JCRAR does not become a party defendant until the JCLO determines that JCRAR should be a party. Accordingly, the 60-day service statute that applies to named defendants does not, by its plain language, apply to JCRAR. The majority therefore errs in labeling or treating JCRAR as a party defendant at the commencement of the action.

Even accepting, for the sake of argument, the majority's position that JCRAR is a party defendant from the commencement of the action, the statutes do not support the majority's conclusion that the plaintiff's case should be dismissed because JCRAR was not served within the 60-day period. Sec. 803.03(3), Stats. 1987–88, provides that if a person has not been joined as a party, the circuit court "shall order that the person be made a party." Section 803.03 provides that cases involving a failure to serve are to be dismissed only under limited circumstances, none of which applies here. Because

JCRAR was served and there is no proof of prejudice caused by late service, the case should not be dismissed.[3]

## II.

If I am correct that the 60-day service rule does not apply, the question remains: when is the last day that timely service may be made on JCRAR? The answer is found by looking at the legislative purpose for requiring service on JCRAR under sec. 806.05(11) and sec. 227.40(5). The purpose for service is, as the majority explains, to give JCRAR notice of the action in adequate time for JCLO to determine whether it wants JCRAR to participate as a party and in adequate time for JCRAR to participate as a party in a meaningful way.

To serve the legislative purpose, I would first hold, as did the court of appeals in *Harris v. Reivitz,* 142 Wis. 2d 82, 90–93, 417 N.W.2d 50 (Ct. App. 1987), that if JCRAR is never served in an action in which service is

---

[3]The majority states the issue at p. 550 as "whether the circuit court lacked competency to proceed" because of the failure to serve JCRAR within the 60-day period. The parties presented the issue as one involving subject matter jurisdiction. The difference, if any, between these two concepts, is, as I have written previously, unclear; the important thing is the consequences that flow from the classification of the error. See *Shopper Advertiser v. Dept. Rev.,* 117 Wis. 2d 223, 236, 344 N.W.2d 115 (1984) (Abrahamson, J. concurring in part and dissenting in part). Failure to serve a party defendant does not affect jurisdiction of the subject matter. Section 801.04 provides that "[t]he power of the court to hear the kind of action brought is called 'jurisdiction of the subject matter'. Jurisdiction of the subject matter is conferred by the constitution and statutes of this state and by statutes of the United States; it cannot be conferred by the consent of the parties. Nothing in chs. 801 to 847 affects the subject matter jurisdiction of any court of this state."

required by statute, the action must be dismissed. In this case, however, no one claims that JCRAR was not served. The only claim is that JCRAR was not served within the 60-day time period.

Because the statutes do not require that JCRAR be made a party or that JCRAR appear in this case and because the statutes do not prescribe a time in which service is to be made on JCRAR, I would further hold that service is timely unless JCRAR asserts that the service was made beyond the 60-day period and proves that service beyond the 60-day period prejudiced the joint committee's opportunity to consider whether JCRAR should become a party and prejudiced JCRAR's presentation of an argument on the merits of the issue.

The statutory interpretation I set forth is, I conclude, consistent with the statutory language and the legislative purpose described above. Moreover it comports with cases interpreting an analogous provision requiring that the attorney general be served in certain declaratory judgment cases. In *Town of Walworth v. Fontana-on-Geneva Lake,* 85 Wis. 2d 432, 270 N.W.2d 442 (Ct. App. 1978), the court of appeals held that because the statute does not require the attorney general to be named a party, the 60-day service requirement of sec. 801.02(1) does not apply. The court of appeals concluded that "the only requirement that need be satisfied is that the attorney general be served in time to be heard prior to any determination on the merits of the constitutional claim." *Id.* at 437.

For the reasons set forth, I dissent. I would affirm the decision of the court of appeals.