GENERAL CASTINGS CORPORATION and Employers Mutual Casualty Company, Plaintiffs-Appellants, †

v.

LABOR & INDUSTRY REVIEW COMMISSION and O.T. Redmond, Defendants-Respondents.

Court of Appeals

*No. 89-0546. Submitted on briefs August 1, 1989.—Decided October 10, 1989.*

(Also reported in 449 N.W.2d 619.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Kasdorf, Lewis & Swietlik, S.C.,* with *James P. Reardon* and *Patti J. Kurth* of counsel, of Milwaukee.

For the defendant-respondent Labor and Industry Review Commission the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *Lowell E. Nass,* assistant attorney general, of counsel, of Madison.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J. General Castings Corporation and Employers Mutual Casualty Company ("General Castings"), appeal from a judgment of the circuit court affirming an order of the Labor & Industry Review Commission (LIRC). The issue on appeal is whether an award of worker's compensation benefits for bilateral tinnitus must be predicated upon some other *bilateral*

hearing loss. We hold that under the plain meaning of sec. 102.555(10), Stats., a hearing loss other than tinnitus in one ear is a sufficient basis for an award of benefits for bilateral tinnitus. Therefore, we affirm the judgment of the circuit court.

O.T. Redmond was employed by General Castings from January of 1966 through January of 1987. The parties stipulate that he has sustained some hearing loss as a result of this employment.

An administrative law judge found that Redmond had a decibel loss equivalent to 4.8% in his left ear. Although there was also a decibel loss in his right ear, it was not sufficient to be compensable. In addition, the ALJ found that Redmond had tinnitus in both ears. The ALJ awarded Redmond $1,466.01 plus costs and fees. The computation was based upon the ALJ's determination that Redmond had compensable hearing loss in both ears. The ALJ stated: "The compensation is bilateral as the tinnitus is bilateral." LIRC affirmed the ALJ's findings and order. General Castings appealed to the circuit court, arguing that under sec. 102.555(10), Stats., there could be no award for bilateral tinnitus because there was no other bilateral hearing loss. The circuit court rejected this argument and confirmed LIRC's order. General Castings now appeals to this court, and we affirm the judgment of the circuit court.

The ultimate issue in this case is whether Redmond had a compensable hearing loss in one ear, or whether he had a compensable hearing loss in both ears. Sec. 102.555(4), Stats., provides:

> Subject to the limitations provided in this section, there shall be payable for total occupational deafness of one ear, 36 weeks of compensation; for total occupational deafness of both ears, 216 weeks of compensation; and for partial occupational deafness,

633

> compensation shall bear such relation to that named in this section as disabilities bear to the maximum disabilities provided in this section . . ..

General Castings disputes the ALJ's finding that Redmond had a compensable hearing loss in both ears. It argues that the tinnitus in Redmond's right ear was not compensable under sec. 102.555(10), Stats. That section provides:

> No compensation may be paid for tinnitus unless a hearing test demonstrates a compensable hearing loss other than tinnitus.

General Castings contends that this section prohibits an award for bilateral tinnitus in the absence of a compensable hearing loss other than tinnitus in both ears. It argues that the tinnitus in Redmond's right ear was not compensable because there was no other compensable hearing loss in that ear.

The application of sec. 102.555(10), Stats., to undisputed facts presents a question of law which we review *de novo. See West Allis School Dist. v. DILHR,* 116 Wis. 2d 410, 418, 342 N.W.2d 415, 420 (1984). Although we generally observe a "rule of deference" to an administrative agency's construction and interpretation of a statute, we need not defer to the agency's interpretation when the meaning of the statute is clear and unambiguous. *Board of Regents v. Wisconsin Personnel Commission,* 103 Wis. 2d 545, 553, 309 N.W.2d 366, 370 (Ct. App. 1981).

We conclude that sec. 102.555(10) is not ambiguous. It prescribes a single requirement for payment of benefits for a compensable hearing loss other than tinnitus. It does not prescribe a compensable hearing loss in both

634

ears, nor does it prescribe a compensable hearing loss in a particular ear. The only prerequisite for an award of benefits for tinnitus is that the claimant must have some compensable hearing loss other than tinnitus. When a statute is clear and unambiguous, we do not resort to judicial rules of construction. *Richards v. Young,* 150 Wis. 2d 549, 558, 441 N.W.2d 742, 745 (1989). We agree with the observation of the circuit court; General Castings "is clearly making a distinction where there is none."

*By the Court.*—Judgment affirmed.

FINE, J. (*dissenting*). Section 102.555(10), Stats., provides that "[n]o compensation may be paid for tinnitus unless a hearing test demonstrates a compensable hearing loss other than tinnitus." The Labor & Industry Review Commission, Commissioner Pamela I. Anderson dissenting, awarded workers' compensation to O.T. Redmond for tinnitus in his left ear and for tinnitus in his right ear. Redmond, however, has no hearing loss in his right ear, other than a claimed tinnitus. The clear statutory command thus prohibits a hearing-loss award for the right ear.