# COURT OF APPEALS
# DECISION
# DATED AND FILED

## August 29, 2019

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP135-CR**

Cir. Ct. No. **2018CT71**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

V.

RICHARD R. RUSK,

  DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for La Crosse County: GLORIA L. DOYLE, Judge. *Affirmed*.

¶1    KLOPPENBURG, J.[1]    Richard Rusk pled no contest to and was convicted of operating a motor vehicle while intoxicated as a third offense. On

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

appeal, Rusk challenges the circuit court's denial of his motion to suppress evidence obtained as a result of the traffic stop of his vehicle, which was based solely on the belief of the officer who conducted the stop that Rusk's white window tinting on the vehicle's windshield extended too far down in violation of WIS. ADMIN. CODE § TRANS 305.34(6)(c) (May 2014).[2]

¶2    In support of his appeal, Rusk makes two discernible arguments. First, Rusk argues that the express prohibition against window tinting below a certain portion of the windshield in WIS. ADMIN. CODE § TRANS 305.34(6)(c) is invalid because it imposes a standard that Rusk contends is more restrictive than the standard contained in what Rusk calls the rule's "enabling statute," WIS. STAT. § 346.88(3), as that statute was interpreted by our supreme court in ***State v. Houghton***, 2015 WI 79, 364 Wis. 2d 234, 868 N.W.2d 143.[3]    Therefore, according to Rusk, the stop premised on his vehicle's violation of an invalid rule was itself invalid, the officer's "mistake of law" was unreasonable, and the evidence obtained as a result of the stop must be suppressed.

---

[2] WISCONSIN ADMIN. CODE § TRANS 305.34(6)(c) prohibits the "[a]pplication of window tinting film or other nontransparent material to the inside of the windshield" that is attached below "the horizontal line delineated by the mark '<u>A</u>' or 'A.'  If no such mark was affixed to the windshield by its manufacturer, no window tinting film may be attached to the windshield."

Rusk does not dispute on appeal that the middle portion of the window tinting did extend below the "A" line "by an inch or two."

All references to the Wisconsin Administrative Code are to the Wisconsin Administrative Register dated May 2014.

[3] The WIS. STAT. § 346.88 language interpreted in ***State v. Houghton***, 2015 WI 79, 364 Wis. 2d 234, 868 N.W.2d 143, was in regards to the 2011-12 version of the Wisconsin Statutes. The § 346.88 language has not changed during or since Houghton.

2

¶3    Second, Rusk seems to argue that the language in WIS. ADMIN. CODE § TRANS 305.34(6)(c), which prohibits window tinting below the "A" line, should not apply because it conflicts with the introductory language in subsection (6) providing that "[n]othing may be placed … so as to obstruct the driver's clear vision through the windshield."  Rusk bases this argument on our supreme court's interpretation in *Houghton* of language similar to that introductory language.

¶4    As I explain, Rusk's first argument fails for at least the reason that this court lacks competency over his challenge to the validity of WIS. ADMIN. CODE § TRANS 305.34(6)(c) because Rusk fails to show that he served the Joint Committee for Review of Administrative Rules as required by WIS. STAT. § 227.40(5).[4]  Rusk's second argument is defeated by the plain language of WIS. ADMIN. CODE §§ TRANS 305.34(6) and (6)(c).

## BACKGROUND

¶5    Wisconsin State Trooper Cody Digre was on duty in La Crosse County on January 23, 2018, when he observed a "large, white window tinting" on the top part of the windshield of a vehicle that he later determined was being driven by Rusk.  Believing that the window tinting violated WIS. ADMIN. CODE § TRANS 305.34(6)(c), which prohibits the attachment of tinting below a windshield's "A" line, Digre stopped Rusk's vehicle.  Ultimately, Rusk was arrested for operating while intoxicated.

---

[4] Subsequent to Rusk's arrest and no-contest plea, the enactment of 2017 Wisconsin Act 369 in December 2018 amended the language in WIS. STAT. § 227.40; the amended language does not materially affect the language of WIS. STAT. § 227.40 as it applies to Rusk.

¶6     The State charged Rusk with operating a motor vehicle while intoxicated as a third offense.[5] Rusk moved to suppress the evidence obtained as a result of the stop, arguing that the stop was not based on reasonable suspicion of the violation of a law, as Rusk contended the law was interpreted in **Houghton**. The circuit court denied Rusk's motion, ruling that the stop was "predicated" on the officer's correct interpretation of WIS. ADMIN. CODE § TRANS 305.34(6)(c).

¶7     Following the circuit court's denial of the suppression motion, Rusk pled no contest to operating while intoxicated as a third offense. Rusk challenges the court's denial of his suppression motion in this appeal.

## DISCUSSION

¶8     The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…." U.S. CONST. amend. IV.[6] "Whether a search and seizure is constitutional remains a question of law that we review de novo…." **State v. LaCount**, 2008 WI 59, ¶34, 310 Wis. 2d 85, 750 N.W.2d 780. "[A]n officer's reasonable suspicion that a motorist is violating or has violated a traffic law is sufficient for the officer to initiate a stop of the offending vehicle." **Houghton**, 364 Wis. 2d 234, ¶5. "Generally, in reviewing motions to suppress, we apply a two-step standard of review. First, we review the circuit court's

---

[5] The State also charged Rusk with operating with a prohibited alcohol concentration as a third offense, but the circuit court later dismissed that charge.

[6] "Because the language of the Fourth Amendment and article I section [11] of the Wisconsin Constitution is substantially similar, Wisconsin courts follow the United States Supreme Court's interpretation of the Fourth Amendment when construing article I section [11] of the state constitution." **State v. Padley**, 2014 WI App 65, ¶23 n.6, 354 Wis. 2d 545, 849 N.W.2d 867.

findings of fact, and uphold them unless they are clearly erroneous. Second, we independently review the application of constitutional principles to those facts." *State v. Scull*, 2015 WI 22, ¶16, 361 Wis. 2d 288, 862 N.W.2d 562 (internal citations omitted). Here, Rusk argues only errors of law.

*I. Analysis of Rusk's "Rule Validity" Argument*

¶9    As stated, Rusk challenges the validity of the rule that Digre suspected Rusk of violating and argues that, because the rule is invalid, Digre's stop was not supported by reasonable suspicion, Digre's "mistake of law" was unreasonable, and the evidence obtained as a result of the stop must be suppressed. As I explain, this court lacks competency to review Rusk's challenge to the validity of the administrative rule.

¶10    WISCONSIN STAT. § 227.40 permits a party aggrieved by an agency rule to challenge that rule. *See* §§ 227.40(1)-(2). As a precondition to such a challenge, however, § 227.40(5) requires the party challenging the rule to serve the Joint Committee for Review of Administrative Rules: "The joint committee for review of administrative rules shall be served with a copy of the petition in any action under this section and, with the approval of the joint committee on legislative organization, shall be made a party and be entitled to be heard." This statute is mandatory; the Joint Committee for Review of Administrative Rules must be served. *Richards v. Young*, 150 Wis. 2d 549, 555, 441 N.W.2d 742 (1989). "Failure to serve the [Joint Committee for Review of Administrative Rules] deprives the court of jurisdiction to hear a challenge to the rule." *Kruczek*

***v. Wisconsin Dep't of Workforce Dev.***, 2005 WI App 12, ¶46, 278 Wis. 2d 563, 692 N.W.2d 286 (2004).[7]

¶11 Further, WIS. STAT. § 227.40(4)(a) establishes the scope of an in-court challenge to an agency rule: "In any proceeding pursuant to this section for judicial review of a rule, the court shall declare the rule invalid if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was promulgated without compliance with statutory rule-making procedures."[8] Rusk's challenge—that the rule exceeds the Department of Transportation's statutory authority—falls squarely within this scope. Accordingly, because Rusk failed to serve the Joint Committee for Review of Administrative Rules, this court lacks competency to review the issue.

¶12 Moreover, I observe that Rusk's argument, based on our supreme court's interpretation of language in WIS. STAT. § 346.88(3), seems to be misplaced. The administrative rule he challenges was promulgated not pursuant to WIS. STAT. ch. 346, which is titled "RULES OF THE ROAD," but pursuant to WIS. STAT. ch. 347, which is titled "EQUIPMENT OF VEHICLES." *See also* WIS. STAT. § 347.02 (stating that the chapter requires "vehicles to be equipped in a particular manner"). Rusk fails to develop an argument explaining why the rule's standards for the attachment of tinting on windshields exceed the Department of

---

[7] The Wisconsin Supreme Court has clarified that the issue "is better characterized as one of competency, not one of subject matter jurisdiction." ***DaimlerChrysler v. LIRC***, 2007 WI 15, ¶21, 299 Wis. 2d 1, 727 N.W.2d 311.

[8] This was the language of WIS. STAT. § 227.40(4)(a) (2017-18) prior to the December 2018 enactment of 2017 Wisconsin Act 369. As stated earlier, 2017 Wisconsin Act 369 did not materially alter this statute's language as it applies to Rusk.

Transportation's statutory authority to regulate the equipment of vehicles under WIS. STAT. ch. 347.

## II. Analysis of Rusk's "Conflict" Argument

¶13     While the majority of Rusk's briefing focuses on the validity of the rule, Rusk seems also to argue that the language in WIS. ADMIN. CODE § TRANS 305.34(6)(c) conflicts with the introductory language in § TRANS 305.34(6), as language similar to that introductory language was interpreted in *Houghton*. Specifically, the gist of Rusk's argument appears to be as follows.   (1) The introductory language of § TRANS 305.34(6) that provides that "[n]othing may be placed or suspended in or on the vehicle or windshield *so as to obstruct the driver's clear vision through the windshield*" is very similar to the language in WIS. STAT. § 346.88(3)(b) that provides that "[n]o person shall drive any motor vehicle upon a highway with any object so placed or suspended in or upon the vehicle *so as to obstruct the driver's clear view through the front windshield*." WIS. ADMIN. CODE § TRANS 305.34(6) (emphasis added) and WIS. STAT. § 346.88(3)(b) (emphasis added).   (2) Our supreme court in *Houghton* held that the above language in § 346.88(3)(b) prohibits only those objects that constitute a "*material* obstruction—even if minor."   *Houghton*, 364 Wis. 2d 234, ¶65 (emphasis in original).   (3) Under the *Houghton* holding, § TRANS 305.34(6)(c), which prohibits window tinting below the "A" line, conflicts with the introductory "obstructs the driver's clear view" language in subsection (6).   (4) Therefore, we should apply the "material obstruction" standard set forth in *Houghton* to our analysis of whether Rusk violated the rule, not the "A" line standard set forth in subsection (6)(c).   Continuing with this apparent argument, Rusk contends that because Digre based his stop on whether the vehicle's window tinting extended

below the "A" line, not whether the tinting was a "material obstruction" of Rusk's clear vision, Digre made a mistake of law. I reject Rusk's argument as follows.

¶14 When interpreting an administrative rule, "we generally use the same rules of construction and interpretation as applicable to statutes." *State v. Busch*, 217 Wis. 2d 429, 441, 576 N.W.2d 904 (1998). The interpretation of an administrative rule and the interpretation of a statute are questions of law that we review de novo. *State v. Brown*, 2006 WI 131, ¶18, 298 Wis. 2d 37, 725 N.W.2d 262. We "seek the drafters' intent through the plain language and to harmonize rules and statutes where necessary. We are to construe statutes and regulations to avoid absurd results." *Milwaukee Acad. v. DCF*, 2018 WI App 13, ¶27, 380 Wis. 2d 227, 908 N.W.2d 189.

¶15 The rule that provided the basis for Digre's stop provides:

> (6) Nothing may be *placed or suspended in or on the vehicle or windshield so as to obstruct the driver's clear vision through the windshield*. There may not be any posters, stickers or other nontransparent material, other than a certificate or sticker issued by order of a governmental agency, located on the windshield or located between the driver and the windshield. *This subsection does not prohibit the following*:

> (a) Attachment of an inside rearview mirror in accordance with s. Trans 305.26.

> (b) Windshields tinted by the manufacturer of the glazing and installed as part of the original manufacturing process.

> (c) *Application of window tinting film or other nontransparent material to the inside of the windshield if it is attached only to that portion of the windshield which is both outside the critical area and above the horizontal line delineated by the mark "A" or "A."* If no such mark was affixed to the windshield by its manufacturer, no window tinting film may be attached to the windshield.

WIS. ADMIN. CODE §§ TRANS 305.34(6)(a)-(c) (emphasis added). The rule was created in 1995 as part of the repeal of WIS. ADMIN. CODE ch. MVD 5 and creation of WIS. ADMIN. CODE ch. TRANS 305. *See* DOT, Order Adopting Rule, https://docs.legis.wisconsin.gov/code/misc/chr/lrb_scanned/cr_91_098_final_rule_ filed_with_lrb.pdf (last accessed Aug. 26, 2019). In its analysis supporting the new rule, the Department of Transportation noted that "[t]he rule continues or clarifies most provisions of [WIS. ADMIN. CODE] ch. MVD 5 … relating to vehicle equipment standards" and that "[t]he rule clarifies and sets new requirements for tinted windows." *Id.*

¶16 Consistent with the above-stated principles of statutory interpretation, I conclude that by setting a standard specifically regarding window tinting applied below the "A" line, the agency plainly indicated in WIS. ADMIN. CODE § TRANS 305.34(6)(c) that it determined that the application of window tinting below the "A" line "obstruct[s] the driver's clear vision through the windshield" as prohibited in the introductory language of subsection (6). That is, subsection (6)(c) merely uses specific language to address when the application of window tinting does or does not "obstruct the driver's clear vision through the windshield" as is generally proscribed in the introductory language of subsection (6). Accordingly, I reject Rusk's argument that the specific prohibition of window tinting below the "A" line conflicts with the more general prohibition of obstructions of a "driver's clear vision through the windshield."

¶17 I also reject Rusk's argument that *Houghton* controls the interpretation of WIS. ADMIN. CODE § TRANS 305.34(6). *Houghton* concerned the following language as it appears WIS. STAT. §§ 346.88(3)(a)-(b):

> (a) No person shall drive any motor vehicle with any sign, poster or other nontransparent material upon the

front windshield, front side wings, side windows in the driver's compartment or rear window of such vehicle other than a certificate or other sticker issued by order of a governmental agency. Such permitted sticker shall not cover more than 15 square inches of glass surface and shall be placed in the lower left-hand corner of the windshield; the left corner being on the driver's left when seated behind the wheel.

(b) No person shall drive any motor vehicle upon a highway with *any object* so *placed or suspended in or upon the vehicle so as to obstruct the driver's clear view through the front windshield.*

WISCONSIN STAT. §§ 346.88(3)(a)-(b) (emphasis added). Our Wisconsin Supreme Court held that the language in subsection (3)(b) does not prohibit just any object in or on a windshield, but instead requires a "*material* obstruction—even if minor—in order to be considered a violation of the statute." **Houghton**, 364 Wis. 2d 234, ¶65 (emphasis in original).

¶18 Rusk's reliance on **Houghton** is misplaced. Unlike the statute at issue in **Houghton**, WIS. ADMIN. CODE § TRANS 305.34(6)(c) goes beyond the general language of prohibiting "objects" and uses specific language to address the application of window tinting. *Id.* For at least this reason, **Houghton** is inapposite.

¶19 In sum, Rusk fails to show that Digre made a mistake of law when he stopped Rusk's vehicle based on reasonable suspicion that the vehicle violated WIS. ADMIN. CODE § TRANS 305.34(6)(c). Accordingly, the circuit court properly denied Rusk's motion to suppress.

## CONCLUSION

¶20 For the reasons stated, I affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.